## FLORIDA GUARANTEED SECURITIES, Inc., v. McALLISTER et al.

### No. 728.

District Court, S. D. Florida.
March 4, 1931.

Knight, Pace & Holt, of Miami, Fla., for plaintiff.

Kunkel & White, of Miami, Fla., for defendants.

RITTER, District Judge.

This matter comes on for hearing upon a motion to dismiss the petition for an order nisi directed to Edward P. White and Ruth White, his wife, to show cause why certain real estate possessed by them should not be subjected under execution to the payment of a final judgment rendered in this cause on behalf of the complainant.

Examination and discovery have been had under proceedings supplementary to execution, wherein it is claimed to have been shown that certain real estate owned by the defendant E. C. McAllister, a widow, was by her conveyed to her attorney, Edward P. White, and Ruth White, his wife, without consideration, and that the said Whites are now in possession of the premises, occupying the dwelling house thereon, which is furnished with furnishings belonging to the said E. C. McAllister.

The petition is opposed by counsel for E. C. McAllister on the ground that this court has no jurisdiction to issue any such order

and proceed further with proceedings supplementary in reference to the real estate; that any further proceedings must be by an independent suit in the way of a creditors' bill or an action to set aside the conveyance; that the statutes of the state of Florida do not give the court the right to proceed to a trial of the issue involved in reference to the fraudulent transfer of the real estate aforesaid. This involves a construction of sections 4540–4549 of the Compiled General Laws of Florida 1927, being article 5, referring to proceedings supplementary to execution.

Section 727, title 28, USCA, provides:

"The party recovering a judgment in any common-law cause in any district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are provided in like causes by the laws of the State in which such court is held, or by any such laws which may subsequently be enacted and adopted by general rules of such district court; and such courts may, from time to time, by general rules, adopt such State laws as may be in force in such State in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

 This is a foreclosure case, and there was entered a deficiency judgment in the case for $8,594.03. Execution was had thereon, and a return of "no property found" was made. Accordingly, supplementary proceedings were had. The entry of the judgment and the proceedings under execution are covered by Rules 8 and 10 of the Equity Rules of this court (28 USCA § 723). The statutes of Florida, as heretofore announced, therefore are available to the judgment creditor in this court and procedure under the state law may be had. An unconditional judgment in an equity case is within the scope of section 727, title 28, USCA. Du Bois v. Seymour (C. C. A.) 152 F. 600, 11 Ann. Cas. 656. It is fundamental doctrine that a court which is competent to and does render a judgment is competent to enforce it.

Coming now to an examination of the Florida statutes, we find sections 4540 and 4541 providing procedure after an unsatisfied return on an execution to obtain an examination of a defendant or defendants, which is in effect a proceeding in discovery of property.

Section 4542 defines the scope of the examination, and declares that it "shall be comprehensive and shall cover any and all matters and things pertaining to the business and financial interests of the defendant which might tend to show what property the defendant has, his rights in same, and the location of same. Any and all testimony may be admissible which may tend directly or indirectly to aid in the satisfaction of any execution in whole or in part." This makes no distinction between personal property and real estate. The evidence may be offered to disclose the interest of a defendant in both or either.

Section 4543 provides:

"The judge may order any property of the judgment debtor not exempt from execution, in the hands of either himself or any other person or due to the judgment debtor, to be applied toward the satisfaction of the judgment debt."

 Counsel for the defendants contend that this statute is limited to personal property because of the words "in the hands of"; but this is too narrow a construction. These words mean, in effect, "in the possession of," and as we shall hereafter see, the statute is to be given a liberal construction. I think these words import property in the possession of the defendant or any other person, including both real and personal property.

Sections 4544 and 4545 refer specifically to personal property, and provide that, upon the disclosure by the testimony before a commissioner that the same are in the possession of the defendant or any other person, the court may order the same to be taken possession of by the sheriff under execution, and thereafter "any person who may be aggrieved thereby may file claim and bond as provided in other cases where third persons claim property taken under levy." Section 4545. This procedure in reference to personal property is certainly proper because such property may be wasted, lost, or concealed, and therefore the trial of title concerning the same is fixed after possession is taken by the sheriff. All parties in interest have their day in court therefor, fixed by the statute, and the court proceeds to try title under these proceedings supplemental to execution to this personal property and to decree whether the same is the property of the judgment debtor and subject to levy under execution to satisfy the judgment.

Sections 4546, 4547, and 4549 are immaterial here to the decision of the question.

Section 4548 provides:

"Any judge having any proceeding provided for in this Article before him, may make any such orders as within his discretion

may seem meet in regard to carrying out the full intent and purpose of this Article to subject any property or property rights of any defendant to the satisfaction of any execution against him."

There is no provision in these sections for procedure in reference to determining rights in real estate. The procedure in such respect is different from that in reference to personal property, as the statutes recognize. Instead of prescribing procedure in reference to real estate, the broad power is given the judge in section 4548 to prescribe what in his discretion may be the proper procedure in reference to real estate. This section says that the court shall carry out "the full intent and purpose of this Article to subject any property or property rights of any defendant to the satisfaction of any execution against him." This must perforce include real estate. All claimants to the real estate must have a day in court. This is self-evident, and it is incumbent upon the court, under the power here conferred, to provide such procedure as will give all claimants in interest in reference to real estate a hearing.

I construe the Florida statutes to be a substitute for a creditors bill in equity. These statutes intended to empower the court to follow through with the enforcement of its judgment, so that there would be no necessity for an independent suit to reach property which legally should be applied to the satisfaction of the judgment.

"Conflicting rights to property involved in supplementary proceedings should not be settled in an independent action, the suggestion being made that, where such conflict arises, interpleaders in the supplementary proceedings should be filed." 10 R. C. L. § 163, p. 1373.

"A judgment creditor's bill is in essence an equitable execution comparable to proceedings supplementary to execution." Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 366, 65 L. Ed. 697.

"When jurisdiction is, by the constitution or this Code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." Bates v. International Co. (C. C.) 84 F. 518, 525.

The above was a statement in a California case with reference to the exercise of power under proceedings supplementary to execution, and was approved by the federal court and is applicable in this case especially.

The intent and purpose of these statutes under article 5 aforesaid must be to give a full rounded jurisdiction, including the proper procedure, to determine under supplementary proceedings what property of every kind, legal or equitable, is the property of a defendant which should be subjected to execution, and in determining this fact, where there are adverse claimants, it necessarily follows that the court has the power and it is his duty to summons into court by an order, all adverse claimants, and require them to set up their rights, and to give everybody a day in court in a trial of the issues which may be raised.

The authorities cited by the defendants are applicable where the statute contains nothing which indicates an intention to abrogate or abridge the original jurisdiction in equity; but where the statutes either expressly or by clear implication provide that it shall be in lieu of the creditors bill or former equitable remedy, it excludes these, and clothes the court with whatever power and procedure may be deemed proper in supplementary proceedings as aforesaid. 10 R. C. L. § 168, pp. 1377, 1378.

Section 4951, Compiled General Laws of Florida 1927, provides in equity cases that:

"Executions on decrees for money shall issue as and be governed by the law relating to executions on judgments."

In carrying out the powers conferred upon the court by section 4548, it must be borne in mind that judicial process must be observed and all parties in interest brought before the court and a proper trial had of the matters involved. This, I take it, is the meaning of the section giving the court discretion of procedure.

I think the issuance of a rule nisi, bringing all the parties before the court, will sufficiently satisfy the requisites of the law in the premises, and such procedure will be had as to give all parties their day in court. A rule nisi will therefore issue.