STATE, *ex rel* PHOENIX TAX TITLE CORP., *et al.*, v. JOHN I. VINEY, Judge, Circuit Court, *et al.*
163 So. 57.
Opinion Filed August 29, 1935.

658

*Erle B. Askew,* for Relators;
*VanFleet & Miller,* for Respondents.

BUFORD, J.—This is an original proceeding in prohibition in which a Circuit Judge and the plaintiff in the court below are made respondents.

It appears from the record that Agnes A. Barris brought suit against Florida Bond Exchange, a corporation, being an action at law upon a declaration in two common counts. To the declaration was attached a statement of account between Florida Bond Exchange, a corporation, as debtor, and Agnes A. Barris for the proceeds of certain bonds sold by defendant for the plaintiff for the sum of $2,254.03. After plans had been filed the plaintiff filed a replication in

which she alleged that the defendant, acting for and on behalf of the plaintiff, sold for the account of the plaintiff certain described bonds; that plaintiff did not deliver the money to the defendant and that the amount received for the bonds was stated in the account on which plaintiff sued. Plaintiff recovered judgment for the amount stated at 8% interest from date of sale. Judgment was entered; execution was issued and returned unsatisfied.

Plaintiff's attorney filed affidavit for an examination of the defendant corporation and in the affidavit alleged that John A. Thompson was president of defendant corporation during the period of time when the transactions, out of which the cause of action accrued, transpired.

The court, thereupon, entered an order requiring John A. Thompson to appear and answer under oath such questions as might be propounded to him concerning the assets of defendant corporation and the disposition of such assets. Complying with this order, Thompson appeared before the court and gave his testimony. He testified that he was not a stockholder in the corporation; that he did not sell the bonds to the plaintiff; that he did not have the records of the corporation; that the money received for the sale of bonds was received by the defendant Florida Bond Exchange, went into its till and was credited to the account of the plaintiff Barris.

Thereafter several checks were drawn against the Florida Bond Exchange in whose account the moneys received from plaintiff's bonds had been deposited, amongst which checks was one for $3455.10 issued to A. M. Anderson as Receiver of the First National Bank of St. Petersburg for the final payment of certain stock of Hibbs Fish Company. The stock of Hibbs Fish Company was sold to Phoenix Finance Corporation for a consideration of $21,000.00.

After Phoenix Finance Corporation bought the stock of Hibbs Fish Company, Hibbs Fish Company went into bankruptcy.

After examination of relator Thompson, the court issued a rule to show cause. The rule to show cause was addressed to Florida Bond Exchange, J. A. Thompson, individually, Lorne Corsaut, individually, Phoenix Finance Corporation and Phoenix Tax Title Corporation. The order was as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECLARED, that the defendant Florida Bond Exchange, J. A. Thompson, individually, Lorne Corsaut, individually, Phoenix Finance Corporation, insofar as it has assets in Florida, either in its name or in the name of Phoenix Tax Title Corporation or in the name of any other, and Phoenix Tax Title Corporation, jointly and severally, pay to plaintiff her said judgment, amounting to $2254.03, as of April 9th, 1932, being the amount of judgment herein, together with interests thereon and costs therein aggregating $2782.15 as of the date of the issuance of execution of said judgment, December 10th, 1934, plus cost of this proceeding and interest to date of payment, or show cause, if any you have, before this Court on the 28th day of March, 1935, at 9:30 o'clock in the forenoon, at Chambers in St. Petersburg, Florida, why you should not pay; and IT IS FURTHER ORDERED that a copy of this order be served upon said J. A. Thompson, and Lorne Corsaut, individually, and a copy served upon said Phoenix Finance Corporation and a copy served upon said Phoenix Tax Title Corporation and upon Florida Bond Exchange within three days from the date hereof, by making copies of this order to each of the individuals named, and to J. A. Thompson, as President of each of the corporations herein named, a copy for each of

said corporations, addressing said Corsaut at his last known place of residence, and addressing said J. A. Thompson and said corporation at the business address of said J. A. Thompson in the City of St. Petersburg, Florida."

The relators appeared and moved to quash the rule to show cause because it was alleged the court was without jurisdiction over the respondents. It was contended that the rule did not show any reason at law or equity why respondents should be called upon to pay the judgment. It was also contended that it does not appear that the court had ever acquired jurisdiction of respondents.

The court entered order denying motion. Thereupon return was filed by Phoenix Tax Title Corporation by adopting the return made by John A. Thompson which was also filed. It is not necessary to set up here the allegations of the return.

The plaintiff in execution then filed an amended reply to the return. The allegations of that reply are not material to the issues here, as will be shown later.

The respondents named in the rule *nisi* filed motion to quash the rule and to dismiss the entire proceeding on four grounds, which are also not necessary to be delineated here. The court entered an order overruling and denying motion to quash and then the petition for prohibition was filed in this Court.

Since the filing of the petition here opinion and judgment of this Court has been entered and filed in the case of Ryan's Furniture Exchange, Inc., a corporation, v. M. G. McNair, as Receiver of the Putnam National Bank of Palatka, a National Banking association, opinion filed June 19, 1935. In that case there were involved matters transpiring in the court below in proceedings attempted to be had under Chapter 7842, Acts of 1910, being brought for-

ward as Sections 4540-4549, inclusive, C. G. L., and in that case the Court, speaking through Mr. Justice DAVIS, enunciated the principles of law as arising from the construction of these statutory provisions applicable to cases such as that which is now before us. It is not necessary for us here to quote at length from that able opinion. It is sufficient to quote excerpts from it, as follows:

"Chapter 7842, Acts 1919 (Sections 4540 to 4549 C. G. L.), were intended to give the Circuit Court broad discretionary powers to carry out the full intent and purpose of the proceedings supplementary to execution law which was to confer on Circuit Courts the right to subject any and all property, or property rights of any defendant in execution, however fraudulently conveyed, covered up or concealed the same might be, whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against him.

"If during the course of proceedings supplementary to execution the rights of third parties claiming adversely both to plaintiff in execution as well as to defendant in execution appear to be involved, no rights of such third parties should be adjudged to be affected, impaired or finally cut off by any order of court made in such proceedings supplementary to execution, unless such third parties have been first fully impleaded and brought in to the case as actual parties to the proceeding, and as such, given an opportunity to fully and fairly present their claims *as parties* entitled to a full and fair hearing after the making up of definite issues to be tried, and not as mere spectators or bystanders in the cause. When so made actual parties to supplementary proceedings, writ of error will then lie on behalf of such third parties to review the resultant judgment if they should feel themselves aggrieved thereby.

"In proceedings supplemental to execution under the Florida statutes, due process of law must be observed wherever rights of third parties are required to be adjudicated, and in order to adjudicate the rights of such third parties, they must be made actual parties to the proceedings, either by their own voluntary intervention or by the service of an appropriate *rule nisi* upon them requiring them to appear and show cause why their asserted claims to disputed assets in their hands, possession or control should not be inquired into and held to be voidable as to the plaintiff in execution who is seeking to reach such disputed assets in order to satisfy his judgment against his judgment creditor whose assets he claims they in realty are. See: Florida Guaranteed Securities v. McAllister, 47 Fed. (2nd) 762, for an example of proceedings under the statute involving real property.

"It is further contemplated that the ordinary right to a jury trial of issues of fact developed in such a case should not be denied, where a third party sets up *bona fide* such claim to disputed assets in his hands, possession or control, that his rights thereto could only be properly asserted and adjudicated against him in a statutory claim proceeding (Section 4517 C. G. L., 2830 R. G. S.), or in an action of detinue or replevin, or sued for in trover, where the controversy involved solely one to be decided between the judgment debtor and the third party claimants in the proceedings supplementary to execution. And in all cases wherein it appears that defendant in execution at any time within one year prior to date of issuance of execution had title to, or paid the purchase price of any personal property to which his wife, realtive, or any person in confidential terms with defendant in execution claims title, the burden of proof devolves upon the claimant to establish his or her right as

being superior to that of the defendant in execution as to any such property. See: Section 4544 C. G. L.

"Section 4548, C. G. L., is sufficiently broad and flexible to carry out the liberal purposes and intent of the statute providing for proceedings supplementary to execution to reach property actually subject to execution but concealed or held under color of title in a third person, but in trust for, or derived from, defendant in execution, and in determining controversies instituted under the Act, the Circuit Court should enter such orders, and have such proceedings, as will accord to third parties their statutory and constitutional right to a full and fair hearing of all issues properly raised by appropriate pleadings involving an adjudication of their rights, including the right to a trial by jury where that right exists at common law or under statutes, were the controversy brought before the court in an ordinary way, and not under Chapter 7942, Acts 1919."

We commend a careful reading of the opinion in the Ryan's Furniture Exchange, Inc., case to those interested in this controversy. The procedure followed by the Circuit Judge in this case is in conformity with the law as construed by us in the case above referred to and, therefore, the Court has not exceeded its jurisdiction and is not amenable to the writ of prohibition. Should the conclusions or judgments eventually reached not be in accord with the law, they may be reviewed here by proper proceedings.

The order made by the Circuit Judge in the form of a *rule nisi* is susceptible to the construction that the respondents named therein are required to pay the amounts named in the order to the plaintiff or else be held in contempt of court. Such construction should not be indulged. The construction to be placed on the order is that it presents *prima facie* findings against the respondents which they are re-

quired to answer and upon the allegations of which issues may be made up for jury trial, if jury be demanded by either party, or that in default of issues being made by the pleadings default judgment may be entered and execution issued, which judgment may be reviewed on writ of error.

We do not adjudicate the sufficiency of the allegations of the *rule* in this proceeding. To do so would be to adjudicate on application for prohibition a matter that may be reviewed on writ of error.

Motion to quash the *rule nisi* is granted and the rule is discharged.

So ordered.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.