190 So.2d 211 (1966)
GENERAL GUARANTY INSURANCE COMPANY OF FLORIDA, Appellant,
v.
Alfred DaCOSTA, Appellee.
No. 66-209.
District Court of Appeal of Florida. Third District.
September 20, 1966.
Smathers & Thompson and Roland R. Parent, Miami, for appellant.
Thomas A. Horkan, Jr., Miami, for appellee.
Before PEARSON, CARROLL and SWANN, JJ.
PER CURIAM.
This is an interlocutory appeal from an order which denied a motion to quash or dismiss a rule nisi, and directed the appellant, General Guaranty Insurance Company of Florida, to file its response to the rule within twenty days.
*212 The facts are that Alfred DaCosta obtained a final judgment against Cam Exports, Inc., in a suit, at law, in the Circuit Court of Dade County, Florida. A writ of execution was issued, delivered to the Sheriff, and returned unsatisfied. In supplementary proceedings, DaCosta's attorney filed an affidavit and prayed that the court join the appellant as a party defendant, because, as the alleged liability insurer of Cam Exports, Inc., it was obligated for the full amount of plaintiff's judgment, and was therefore a third party holding assets of the judgment debtor. He further prayed for the court to issue its rule nisi directing the appellant to appear and show cause why it should not be required to pay the judgment against Cam Exports, Inc.
The court issued its rule nisi, after final judgment, making the appellant a party defendant in the supplementary proceedings, finding that it was or might be liable for the judgment, and ordering it to pay the judgment; or, in the alternative, to appear and show cause, in writing, within a time certain, why a judgment should not be entered against it for the amount due under said judgment.
The rule nisi in supplementary proceedings was properly served upon the appellant, which then filed a motion to quash or dismiss the rule nisi, asserting, inter alia, that this was an improper procedure, not authorized by the laws of Florida, and that it had issued the insurance policy, but that Cam Exports, Inc., had breached the terms of the policy. The trial court entered its order denying the motion to quash or dismiss the rule nisi, and directing the appellant to respond.
The sole issue on appeal is whether a circuit court in Florida has the authority and jurisdiction, in supplementary proceedings, to require and compel a liability insurer [the appellant] of the judgment debtor [Cam Exports, Inc.] in the original action to become a third party defendant and to require and compel the insurer to either pay the judgment or to show cause why the judgment should not be paid.
It is the appellant's contention, inter alia, that supplementary proceedings do not contemplate the adjudication of rights under an insurance contract for liability and/or indemnification; that no property herein has been fraudulently conveyed or concealed; that this is not a "property right" as contemplated by the supplementary proceeding statute, Section 55.52, Florida Statutes, F.S.A., and that the rights between Cam Exports, Inc., the judgment debtor, and the appellant, its insurer, are not subject to levy by execution.
The statutes pertinent to this appeal concerning supplementary proceedings are set forth below:
Section 55.55 provides:
"The judge may order any property of the judgment debtor not exempt from execution, in the hands of either himself or any other person or due to the judgment debtor, to be applied toward the satisfaction of the judgment debt." (Emphasis added.)
Section 55.60 provides:
"Any judge having any proceeding provided for herein before him, may make any such orders as within his discretion may seem meet in regard to carrying out the full intent and purpose of these provisions to subject any property or property rights of any defendant to the satisfaction of any execution against him." (Emphasis added.)
In Richard v. McNair, 1935, 121 Fla. 733, 164 So. 836, the Supreme Court of Florida settled the question of the right of our circuit judges to implead third parties:
* * * * * *
"Proceedings supplementary to execution were first provided for in Florida by chapter 7842, Acts of 1919, appearing as sections 4540 to 4549, C.G.L. of 1927, *213 and since its passage this statute has been before this court in numerous cases. Such proceedings are considered a substitute for a creditor's bill in chancery, and provide a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto by a speedy and direct proceeding in the same court in which the judgment was recovered. The statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible. Ryan's Furniture Exchange, Inc., v. McNair, 120 Fla. 109, 162 So. 483; Florida Guaranteed Securities v. McAllister (D.C.) 47 F.2d 762; State ex rel. Phoenix Tax Title Corporation et al. v. Viney, 120 Fla. 657, 163 So. 57.
"Under the statutes of some of the states, the courts have no power to bring in as parties to the proceedings third persons against whom the plaintiff may seek relief, and in those states the operation of the proceedings is limited to the parties to the main suit. 10 R.C.L. 1374; Freeman on Executions (3d Ed.) §§ 394 and 398a; note to Lathrop v. Clapp, 40 N.Y. 328, 100 Am.Dec. 493, at page 502.
"But our statute is not subject to that criticism. Under it the judges have the power, and it is their duty, to bring in and implead third parties wherever it appears relief against them may be warranted. The constitutional guaranty of due process requires that the rights of third persons claiming adversely both to the plaintiff and defendant in execution should not be finally adjudicated unless such persons have been first fully impleaded and brought into the proceedings as actual parties and given opportunity to present their claims as parties on the issues made up including questions as to whether conveyances of property of the judgment debtor are voidable as to them. Ryan's Furniture Exchange, Inc. v. McNair, supra; Florida Guaranteed Securities v. McAllister, supra; State ex rel. Phoenix Corporation et al. v. Viney, supra; Freeman on Executions (3d Ed.) § 411." (Emphasis supplied.)
* * * * * *
The appellant contends that the rights of the judgment debtor, Cam Exports, Inc., in the insurance contract, are not "property rights," which would be subject to execution, but are at most a "chose in action."
In Florida, contingent liability under an automobile indemnity insurance policy has been classified as "property," In re Klipple's Estate, Fla.App. 1958, 101 So.2d 924, 67 A.L.R.2d 932. An automobile liability insurance policy has been held to be an asset of an estate, In re Estate of Bernard, Fla.App. 1966, 183 So.2d 715; and cash surrender values of life insurance policies are also "property rights." State ex rel. Pac. Mut. Life Ins. Co. v. Larson, 1943, 152 Fla. 729, 12 So.2d 896.
In State ex rel. Phoenix Tax Title Corp. v. Viney, 1935, 120 Fla. 657, 163 So. 57, it was held:
* * * * * *
"Chapter 7842, Acts 1919 (sections 4540 to 4549, C.G.L.), were intended to give the circuit court broad discretionary powers to carry out the full intent and purpose of the proceedings supplementary to execution law which was to confer on circuit courts the right to subject any and all property, or property rights of any defendant in execution, however fraudulently conveyed, covered up, or concealed, the same might be, whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against him." (Emphasis supplied)
* * * * * *
Even if the rights of Cam Exports, Inc. in the liability insurance policy are not considered as "property rights," but only a chose in action, it has been held that supplementary *214 proceedings are ordinarily available to reach "choses in action."
21 Am.Jur. Executions § 689 states:
"By the use of proceedings supplementary to execution, property ordinarily not subject to an execution other than property exempt by statute may be reached and applied to the satisfaction of the judgment. Thus, supplementary proceedings are ordinarily available to reach choses in action. * * *" (Emphasis supplied.)
See generally 33 C.J.S. Executions §§ 349, 350.
In our opinion, the rights of the judgment debtor, Cam Exports, Inc., are not "exempt from execution." Section 55.55 refers to specific exemptions set forth either by statute, or case law, and there is no such specific exemption in Florida as to the proceeds due from, or under, liability insurance policies.
Clearly, the proceeds from a liability insurance policy might be liable to execution under the garnishment laws or by other proper process. 3 Fla.Jur. Attachment and Garnishment §§ 54, 55. It appears, therefore, that this is "property," or a "property right" of the judgment debtor, which is in the possession of a third party who may be properly impleaded by the trial court.
13 Fla.Jur. Execution § 143 states:
"In proceedings supplementary to execution, any property or property rights of the defendant may be ordered by the judge to be subjected to the satisfaction of an execution against him, no matter how or where concealed, except property that is exempt from execution. The rule is said to permit the judgment creditor to reach property ordinarily not subject to an execution, including real property, whether the property is in the debtor's hands or in those of some other person. * * *" (Emphasis supplied.)
* * * * * *
There is also authority that insurance companies may be subject to examination proceedings for the purpose of applying to the payment of the judgment, benefits due under a policy issued to the judgment debtor. 21 Am.Jur. Execution §§ 664, 690, citing Williams v. Donough, 1902, 65 Ohio St. 499, 63 N.E. 84, 56 L.R.A. 766.
We do not hold that the insurance company is liable to the judgment creditor, DaCosta, for it may be that upon proper defenses being presented, no liability can be shown for various reasons, such as breach of contract. Our decision simply upholds the authority and jurisdiction of a trial court to implead the liability insurance company of a judgment debtor as a party defendant in supplementary proceedings, upon proper application by the judgment creditor.
For the reasons stated, the judgment is
Affirmed.