PER CURIAM.
The appellant, respondent in the trial court, seeks review of an adverse final summary judgment whereby the appellees [in supplementary proceedings] sought to recover from the appellant a judgment they had against one Billy M. Adkins.
The original defendant in the trial court, Billy M. Adkins, d/b/a Mountaineer Motor Sales, was the principal of a bond issued and posted by the appellant, pursuant to Ch. 319 and Ch. 320, Fla.Stat., F.S.A., for the purpose of permitting Adkins to obtain a license to do business as a dealer in the State of Florida. The appellees herein originally sued Adkins for breach of contract and fraud in connection with the sale of a motor vehicle, recovering a judgment of $2,500.00 plus costs. Execution on said judgment was returned nulla bona and the appellees filed an affidavit in supplementary proceedings, seeking issuance of a rule nisi to the appellant herein requiring it to show cause why judgment should not be entered against it in the amount of the appellees’ judgment against Adkins. The rule nisi was issued and the appellant moved to dismiss, on the grounds the trial court lacked jurisdiction over the appellant to proceed by rule nisi. The motion was denied and the appellant responded to the rule nisi, denying the jurisdiction of the trial court and that it held assets of Adkins. The appellees moved for a summary judgment and, after hearing thereon, the trial court entered the order appealed.
The appellant contends that the trial court erred in entering the order appealed, on the grounds that a motor vehicle surety bond is not subject to a rule nisi in supplementary proceedings, because said bond is not the property of the judgment debtor. *327 This is especially true in this case when this court, in Jackson v. Adkins, Fla.App.1970, 241 So.2d 728, affirmed the trial court’s ruling in dismissing a writ of garnishment that Adkins had no interest in the bond which is the subject matter of the instant case.
The appellee contends that the case is governed by this court’s opinion in General Guaranty Insurance Company of Florida v. DaCosta, Fla.App.1966, 190 So.2d 211. We conclude that the appellees will have to institute an independent action upon the surety bond in question, when it is admitted [as it is in this case] that the surety company was not a party-defendant nor did it have notice of the earlier proceedings which resulted in the judgment against Adkins.
We find the case of General Guaranty Insurance Company of Florida v. DaCosta, supra, relied on by the appellees, not to be applicable in the instant matter because the chose in action referred to therein was based on an indemnity agreement which ran to the benefit of the judgment debtor. In this cause, the bond posted pursuant to the statute contains no such provision. This court has already determined, in the earlier appearance of this cause, that the surety company was not holding any asset belonging to the judgment debtor and, in the instant matter, it does not appear that the principal on the surety bond is possessed of any chose in action which would enure to the benefit of the judgment creditor. Therefore, we hold that without notice or an opportunity to be heard in the original proceedings, any claim on the bond in the instant case would have to be made by an independent suit.
For the reasons above stated, the final order in supplementary proceedings be and the same is hereby reversed, with directions to dismiss the supplemental proceedings as to the appellant without prejudice to the appellees instituting such independent action as they may be deemed advised.
Reversed and remanded, with directions.