PER CURIAM.
This is an interlocutory appeal taken from an order denying appellant a jury trial pursuant to her motion therefor in an action in which she has been included as a party in supplementary proceedings brought by the appellee judgment creditor pursuant to Section 56.29(6), Florida Statutes, F.S.A.
Appellant contends that the Supreme Court’s decision in Ryan’s Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (1935), is dispositive of her claim to a jury trial and requires reversal of the lower court’s order denying same. Similar reliance is placed by appellant on State ex rel. Phoenix Tax Title Corporation v. Viney, 120 Fla. 657, 163 So. 57 (1935). A third case, Richard v. McNair, 121 Fla. 733, 164 So. 836 (1936), completes the triumvirate upon which appellant relies.
On the other hand, appellee contends that the decisions in the above cited cases are not controlling for the reason that in those cases the court was not directly concerned with supplementary proceedings brought pursuant to Section 56.29(6) and therefore the decisions are not controlling. Instead, appellees claim that in supplementary proceedings of the kind here involved, no jury trial is required. In Dezen v. Slatcoff, 66 So.2d 483 (Fla.1953), it was held that:
“There is no merit to the contention of the appellant that her constitutional rights were invaded because she did not have a jury trial. 30 F.S.A. Common Law Rule 31 [now RCP 1.430] does not apply. In the first place, this was a summary proceeding especially authorized by law and limited as above set forth, and no trial by jury was required.”
In Brownstone, Inc. v. Miami National Bank, 165 So.2d 262 (Fla.App.1965), the above cited excerpt from Dezen was reiterated at page 264 for authority that no jury trial is required in such supplemental proceedings.
It seems to us that the trial court correctly denied appellant’s motion for a jury trial. The Dezen and Brownstone *868 cases cited above seem clearly to uphold the trial court’s decision. Proceedings supplementary to execution brought pursuant to Section 56.29, Florida Statutes, F.S.A. are a substitute for a creditor’s bill and provide a means of subjecting to the lien of a judgment creditor property conveyed by his judgment debtor for the purpose of delaying, hindering, or defrauding the creditor. Such proceedings are equitable in nature and should be liberally construed. Richard v. McNair, supra. The issue of fraud is peculiarly of equitable cognizance and normally resolved by a court of chancery in which jury trials are not provided.
Further support is found for the trial court’s conclusion in Section 56.29(7), Florida Statutes, F.S.A., which expressly provides that the trial court may refer supplemental proceedings under 56.29 to a commissioner or master who may be directed to report findings of law or facts or both. It seems inconceivable to us that the remedy provided by the legislature for supplementary proceedings was intended to be tried before a jury and at the same time provision was made for a use of commissioners or masters with express authority to make findings of fact. The right asserted by appellant to a jury trial collides directly with the statutory language where-under findings of fact may be made by a commissioner or master.
While we hold that appellant is not entitled to a jury trial on the issues raised by her answer in the supplementary proceedings herein, we hasten to add that our holding herein is in no way to be taken as a ruling on any of the issues raised by appellant’s answer in the supplementary proceedings below.
For the reasons above discussed, it is our view that the interlocutory appeal herein must be dismissed.
SPECTOR, C. J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.