PER CURIAM.
The appellant, Ivia Smoot, was an im-pleaded defendant in a proceeding supplemental to a judgment against her husband. She appeals a final order holding certain property subject to levy. Appellant’s contentions that the trial court’s decision was (1) beyond the authority of the statute, and (2) against the weight of the evidence, are without merit. See Ferguson v. State Exchange Bank, Fla.App.1972, 264 So.2d 867.
Both parties refer to Little River Bank & Trust Company v. Eastman, Fla.App. *823 1958, 105 So.2d 912, in connection with the trial court’s construction of a deed to an undivided one-half interest in the property given by the debtor James C. Smoot to his wife, Ivia Smoot. Appellant contends that a similar deed was held to have created an estate by the entireties in the Little River Bank case. A reading of the case refutes appellant’s claim. The holding there was:
******
“We are of the view that the conveyance by Donald A. Eastman, then the owner of the entire fee, of an undivided one-half interest to the appellee created a tenancy in common with the appellee; that the intention thereafter expressed in the deed to hold ‘this property’ as an estate by the entireties between Eastman and his wife, was in effect the creation of a right of survivorship in the tenancy in common, pursuant to § 689.15.”
* * * * * *
No error has been demonstrated on this record.
Affirmed.