MISSION BAY CAMPLAND, INC., a Delaware Corporation, Plaintiff,

v.

SUMNER FINANCIAL CORPORATION, a Florida Corporation, and John C. Sumner, Defendants,

v.

McMILLEN CORPORATION, a Florida Corporation et al., Involuntary Plaintiffs and Counterclaim Defendants.

No. 70–645 Civ–J–S.

United States District Court, M. D. Florida, Jacksonville Division.

Oct. 29, 1976.

---

John H. Wilbur and Christine A. Rieger, Jacksonville, Fla., for the original plaintiff and counterclaim defendant, as well as the five impled involuntary counterclaim defendants.

Charles P. Pillans, III, Jacksonville, Fla., for the defendants-counterclaim plaintiffs.

## ORDER

CHARLES R. SCOTT, District Judge.

This case was referred by the Court to the United States Magistrate as master, pursuant to Fed.R.Civ.P. 69 and Fla.Stat. § 56.29(7), but not pursuant to Fed.R.Civ.P. 53. The Court allowed third parties to be impled as involuntary counterclaim-defendants, and ordered them, in their status as third-party transferees of the judgment-debtor in this case, to show cause why the transfer of the judgment-debtor's assets to them should not be set aside as fraudulent. The impled, involuntary counterclaim-defendants filed a motion demanding a jury trial in the supplementary postjudgment proceedings. The question presented by that motion is whether in supplementary postjudgment proceedings under Fed.R. Civ.P. 69 and state law in a diversity action, the impled, involuntary parties are entitled, as a matter of federal law, to a jury trial on the issues that they raise in their answer to the Court's show cause order.

▮ Federal Rule 69 provides that state law concerning supplementary postjudgment proceedings will control in a federal court except to the extent that the existence of federal statutes might preempt the state law. It is indisputable that under Fla.Stat. § 56.29, in Florida courts, impled parties do not have a right to a jury trial on the issues raised in their answer to a show cause order. *Ferguson v. State Exchange Bank,* 264 So.2d 867, 868 (1st D.C.A.Fla. 1972). *Accord, First Research Corp. v. National Ind'l Bank of Miami,* 272 So.2d 822 (3d D.C.A.Fla.1973). It was the intent of the Florida Legislature that proceedings under the statute provide a swift, summary disposition of issues through the relief of equitable remedies. *Ferguson v. State Ex-*

*change Bank, supra* at 868. The proceedings are a statutory substitute for former bills in equity by creditors; but it is plain that the legislative intent was to preserve the equitable character of both the proceedings and the remedies available. *Id.*

▮ It is also certain that in a federal court, the Seventh Amendment right to a jury trial in civil cases is guaranteed where there are legal questions of fact involved, *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–11, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Melancon v. McKeithen,* 345 F.Supp. 1025, 1042 (E.D.La.1972), *aff'd sub nom. Hill v. McKeithen,* 409 U.S. 943, 93 S.Ct. 289, 34 L.Ed.2d 214 (1972); *Mayes v. Ellis,* 409 U.S. 943, 93 S.Ct. 289, 34 L.Ed.2d 214 (1972), and *Davis v. Edwards,* 409 U.S. 1098, 93 S.Ct. 908, 34 L.Ed.2d 679 (1973). Even if the predominant character of the action is equitable, so long as there are any legal issues of fact, they must be submitted to a jury first, in order to preserve the Seventh Amendment right to civil jury trial. *Curtis v. Loether,* 415 U.S. 189, 195 n.10, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Ross v. Bernhard,* 396 U.S. 531, 538, 539, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 470 and n.8, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Hyde Properties v. McCoy,* 507 F.2d 301, 303 n.1 (6th Cir.1974). The mere fact that the procedural form that brings the parties before the Court was once regarded as a suit in equity no longer determines the right to a jury trial under the Seventh Amendment. *Ross v. Bernhard,* 396 U.S. 531, 542 n.15, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Legislative enactment of new causes of action, or of those that were formerly brought only in equity, are now within the scope of cases at law, and entitled to jury trials, if the statutory action also provides a remedy at law. *Curtis v. Loether,* 415 U.S. 189, 193, 194, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). The touchstone for equity has always been the lack of an adequate legal remedy. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 478, 82 S.Ct. 894, 8 L.Ed.2d 44

(1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506–10, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Hence, the scope of equity is inversely related to the scope of available remedies at law: as the provision of legal remedies expands the jurisdiction of actions at law, it correlatively reduces the necessity for equitable remedies and decreases the scope of equity jurisdiction. *Ross v. Bernhard,* 396 U.S. 531, 540, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 509–10, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). The line between law and equity is therefore not only not sharp and distinct, *Hyde Properties v. McCoy,* 507 F.2d 301, 304 (6th Cir.1974); *Melancon v. McKeithen,* 345 F.Supp. 1025, 1041 (E.D.La.1972), *aff'd sub nom. Hill v. McKeithen,* 409 U.S. 943, 93 S.Ct. 289, 34 L.Ed.2d 214 (1972); *Mayes v. Ellis,* 409 U.S. 943, 93 S.Ct. 289, 34 L.Ed.2d 214 (1972), and *Davis v. Edwards,* 409 U.S. 1098, 93 S.Ct. 908, 34 L.Ed.2d 679 (1973), it is variable and changing.

■ Although federal courts are *Erie* bound to follow state substantive law in diversity actions, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1933), the determination whether a particular proceeding under state law presents legal issues of fact for which the Seventh Amendment guarantees the right to jury trial, or equitable issues for which there is no right to jury trial, is controlled by, and based on, federal law. *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). The test is the nature of the specific issue in controversy, not the character of the overall action, *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); and the Supreme Court's algorithm for using that test has three steps:

(1) What was the customary status of the specific issue in controversy prior to the merger of law and equity in the federal judiciary?

(2) What is the nature of the remedy sought by the specific issue in controversy?

(3) What are the pragmatic realities to be considered concerning the capacity and limitations of juries to resolve the specific issue in controversy?

*Ross v. Bernhard,* 396 U.S. 531, 538 n.10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Hyde Properties v. McCoy,* 507 F.2d 301, 305 (6th Cir.1974). Generally, it is the second step that is decisive by revealing the equitable purpose underlying a specific remedy in equity, or the absence of such a purpose by the availability of legal remedies. *Cf. Katchen v. Landy,* 382 U.S. 323, 339–40, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Hyde Properties v. McCoy,* 507 F.2d 301, 305 (6th Cir.1974).

■ In this case, there has been a jury trial in a diversity action that has proceeded to judgment. Defendant-counterclaim-plaintiff, as judgment-creditor has been unable to execute and satisfy its judgment; and it alleges that the principal reason for its inability to do so is because the judgment-debtor, plaintiff-counterclaim-defendant, fraudulently transferred assets from itself to the impled, involuntary counterclaim-defendants in order to prevent them from being levied upon. At this point, the judgment-creditor seeks to set aside the effect of the allegedly fraudulent transfers and to have the assets reallocated in a way that will enable them to be reached by the judgment. Clearly, this is the kind of relief that only an equitable remedy can provide. *Hyde Properties v. McCoy,* 507 F.2d 301, 305 (6th Cir.1974). *Cf. In re Swan-Finch Oil Corp. v. Levin,* 279 F.Supp. 386, 391 (S.D.N.Y.1967); *Williams v. Collier,* 32 F.Supp. 321, 324 (E.D.Pa.1940).

■ The impled, involuntary counterclaim-defendants, however, contend that to grant such equitable relief the Court must adjudicate their right and title to the assets of the original counterclaim-defendant. Such an adjudication of title to assets is historically a legal question of fact for which a jury trial is guaranteed. That argument widely misses the mark. A judgment-creditor, by virtue of its judgment, obtains an equitable claim against the assets of the judgment-debtor that have been transferred fraudulently to third persons. Equity will afford relief by setting aside

the effect of the fraudulent transfer insofar as it affects the right of the judgment-creditor to execute and satisfy its judgment. To that extent only the equitable remedy correspondingly affects the claim of right by third parties to the judgment-debtor's assets. To all others, the third-party transferees' claim of right remains valid and effective because there has been no general adjudication of their title to the assets (admittedly a question at law). *Adler v. Fenton,* 65 U.S. 407, 411-12, 16 L.Ed. 696 (1861); *Kane v. Sesac, Inc.,* 54 F.Supp. 853, 861-62 (S.D.N.Y.1943). *Cf. In re Swan-Finch Oil Corp. v. Levin,* 269 F.Supp. 386, 391 (S.D.N.Y.1967).

For example in *Hyde Properties v. McCoy,* 507 F.2d 301 (6th Cir.1974), an obligor on two promissory notes brought an interpleader action in the face of claims by the government against the original obligees and the transferee-defendant for unpaid back taxes and fraudulent transfer of assets. The Court of Appeals, applying the Supreme Court's standard in *Ross v. Bernhard, supra,* disregarded the fact that the historical character of an interpleader action is equitable, and instead focused on the remedy sought by the essential issue in controversy. *Id.* at 305. Because the equitable remedy of annulment for a fraudulent transfer of assets was sought, there was no federal constitutional right to a jury trial. *Id.* at 306. Similarly, in these supplementary postjudgment proceedings, the relief sought is an annulment of the allegedly fraudulent transfers as they relate to the judgment-creditor's claims, and an equitable redistribution of the transferred assets in a way that will render them accessible to the judgment-creditor.

Finally, besides the fact that the issues in controversy seek a purely equitable remedy, there is an additional reason why a jury trial is not required under federal law. In *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the United States Supreme Court held that a creditor who objected to a bankruptcy court's disposition of claims against a bankrupt corporation was not entitled to a jury trial. Bank-

ruptcy courts, under the statute, are invested with summary equity jurisdiction, *Id.* at 327, 86 S.Ct. 467; and the scope of that jurisdiction was left open-ended, *Id.* at 328, 86 S.Ct. 467. Construing the statute as a whole, the Court discerned its basic legislative purpose: to provide a prompt, summary adjudication and equitable disposition of disputed claims. *Id.* at 339-40, 86 S.Ct. 467. To be sure, there might be legal issues tangentially, but inextricably, involved with the disputed equitable issues in the proceedings. Nonetheless, the specific equitable purpose underlying Congressional authorization of those proceedings contradistinguished them from the ordinary situation where the doctrine of *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 470 and n.8, 472-73, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), requires a jury trial of legal issues before disposition by the Court of related equitable issues. In fact, enactment of such a statutory procedural scheme establishes the extraordinary and exceptional situation in which equity jurisdiction can fashion relief "without the intervention of a jury." *Katchen v. Landy,* 382 U.S. 323, 339-40, 86 S.Ct. 467, 478, 15 L.Ed.2d 391 (1966).

As noted earlier, Florida courts have ruled that the legislative intent of Fla.Stat. § 56.29 is to provide swift and summary equitable relief for a judgment-creditor that has been unable to satisfy its judgment, without interposing a jury trial. *Ferguson v. State Exchange Bank,* 264 So.2d 867, 868 (1st D.C.A.Fla.1972). The same equitable purposes reflected in Congressional passage of the Bankruptcy Act are also reflected in the Florida Legislature's enactment of Fla.Stat. § 56.29. This is more apparent by § 56.29(7) authorizing reference of the supplementary postjudgment proceedings to a master for findings of fact and conclusions of law. The same exceptional and extraordinary situation created by Congress in bankruptcy proceedings has been established by the Florida Legislature for supplementary postjudgment proceedings in diversity cases under Florida law. Consequently, the Court holds that (1)

because the relief sought in those proceedings is available only by purely equitable remedies, and (2) because the legislative intent of the statute was to place those proceedings within the scope of equity jurisdiction, federal law does not require the interjection of a jury trial.