610 So.2d 509 (1992)
ZEUDA CORPORATION, Zig Zag Corporation and Right Investments Corporation, Panamanian corporations, Appellants/Cross-Appellees,
v.
GRANCOLOMBIANA CORPORATION FINANCIERA, S.A., a foreign corporation, Shearson Lehman Brothers, Inc. and Francisco Ferran, Appellees/Cross-Appellants.
Nos. 92-1647, 92-1704.
District Court of Appeal of Florida, Third District.
November 17, 1992.
Rehearing Denied February 2, 1993.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin and Victor M. Diaz, Jr., Miami, for appellants/cross-appellees.
Boose Casey Ciklin Lubitz Martens McBane & O'Connell and Richard L. Martens and John D. Boykin and J. Kory Parkhurst, West Palm Beach, for appellees/cross-appellants Shearson Lehman Brothers, Inc. and Francisco Ferran, Ezell, Menendez, Patterson & Claussen, Lawrence & Daniels and Adam H. Lawrence, Miami, for appellee/cross-appellant Grancolombiana Corporation Financiera, S.A.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
Two important questions are presented in these appeals from orders of the court which award attorney's fees out of an unconfirmed arbitration award and place the balance of the award into the court registry. We reverse the award of attorney's fees as premature, and affirm the impoundment of the fund as a reasonable exercise of the court's discretion in proceedings supplementary.
An arbitration panel awarded $2.3 million to the three appellant Panamanian corporations, Zeuda Corporation, Zig Zag Corporation, and Right Investments Corporation, against Shearson Lehman. It also awarded $2.3 million to Shearson Lehman, against a third entity  Meadowood International Corp. Grancolombiana, an appellee, is a judgment creditor of Janin and Isaac Mildenberg. It initiated this proceeding seeking partial satisfaction of its $10.9 million judgment out of the arbitration award alleging that the appellant Panamanian corporations, and Meadowood, are alter egos of the Mildenbergs.
*510 Shearson funded and impleaded its obligation under the arbitration award; Meadowood did not. Shearson also makes a claim to the fund on the theory that the $2.3 million paid to satisfy its obligation to the Panamanian corporations should be set-off against the same amount owed it by Meadowood. The arbitration panel was without jurisdiction to resolve the alter ego issue because the Mildenbergs were not parties. For the same reason, it is contended, the Panamanian corporations did not seek a judgment confirming the award pursuant to section 682.12, Florida Statutes (1991).[1] Nevertheless, the attorneys for the Panamanian corporations were awarded $579,000 in fees to be paid out of the arbitration award.
Where there is competent evidence before the court in proceedings supplementary pursuant to section 56.29, Florida Statutes (1991), which shows that property in the hands of another person may belong to or is due to the judgment creditor, and that the property may be disposed of to hinder the judgment creditor, it is within the trial court's broad discretion to postpone disbursement of the property pending a speedy resolution of the ownership question. § 56.29(9), Fla. Stat. (1991) (court may "enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution"). See Advertects, Inc. v. Sawyer Indus., 84 So.2d 21, 23 (Fla. 1955) (proceedings supplementary "are intended to afford to a judgment creditor the most complete relief possible in satisfying his judgment"); see also Schwartz v. Capital City First Nat'l Bank, 365 So.2d 181, 183 (Fla. 1st DCA 1978) (discussing the broad purpose of supplementary proceedings and the broad discretion of the court in such proceeding) (citing State v. Viney, 120 Fla. 657, 163 So. 57 (1935)).
For the reason that there is not yet a judgment in favor of the Panamanian corporations which has created "proceeds" to which a charging lien may attach, the award of fees out of the arbitration award was premature. See Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, 517 So.2d 88, 92 (Fla. 3d DCA 1987) (charging lien will attach only to proceeds of the judgment), rev. denied, 525 So.2d 879 (Fla. 1988). Whether the appellant corporations have any right to the fund deposited by Shearson in compliance with the arbitration order must await a resolution of the alter ego and set-off issues.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
NOTES
[1] Counsel for the appellant corporations wrote to the arbitration panel before the award was entered:

[The Panel] can rest assured (any doubts were eliminated at this past Friday's hearing) that Shearson's continuing assertion regarding the Claimant corporations will be fully litigated in a court of law  where they belong. If Shearson is correct in these assertions, not one penny of the arbitrators' award will be to the claimant corporation[s].