365 So.2d 181 (1978)
Benjamin S. SCHWARTZ, Appellant,
v.
CAPITAL CITY FIRST NATIONAL BANK, Appellee.
No. II-296.
District Court of Appeal of Florida, First District.
November 22, 1978.
Rehearing Denied January 8, 1979.
*182 James C. Truett, Tallahassee, and Brian T. Hayes, Monticello, for appellant.
William M. Smith and Timothy B. Elliott of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
McCORD, Chief Judge.
This interlocutory appeal is from an order of the trial court denying appellant's motion for change of venue, motion to dismiss and motion to stay. We affirm.
The trial court entered a summary judgment in favor of appellee against Harold Taines, Sue Taines, Gerald Taines and Beatrice Taines. Writ of execution was issued and delivered to the Sheriff of Broward County where some of the judgment debtors resided and the writ of execution has not been satisfied. Appellee Bank then filed in the cause its "Motion for Proceedings Supplementary to Execution and Motion for Impleader of Third Parties." The trial court entered an "Order for Proceedings Supplementary to Execution and Impleader of Third Parties" which directed that a summons be issued by the Clerk of the Court and that an answer or other response be filed by the impleaded parties within 20 days of service on them. The Bank subsequently had the Clerk of the Court issue only one summons and that one was directed to Benjamin S. Schwartz individually and as co-trustee, along with Craig Taines, Lauren S. Taines, and Lance Taines of an unrecorded trust dated September 4, 1974. That summons was served on appellant Benjamin S. Schwartz in Dade County where he resided on October 14, 1977. Schwartz filed an answer, a motion to stay, a motion to dismiss and motion for change of venue. The court entered its order denying the motions. As to the motion to stay, it was denied without prejudice to appellant to refile with supporting documentation required under Fla.R.Civ.P. 1.210(c). The supporting documentation referred to would be documentation showing that appellant did not have the powers listed in Rule 1.210(c) and could not, therefore, represent the trust by himself.
Appellant first contends that the provisions of § 47.061, Florida Statutes, relating to venue in suits on promissory notes do not cover supplementary proceedings filed pursuant to Chapter 56.29, Florida Statutes (1975); that venue in supplementary proceedings under § 56.29 may be (and in this instance is) in a county other than where the principal action was maintained. We disagree. § 56.29, Florida Statutes, provides in subsection (1) thereof as follows:

*183 "When any sheriff holds an unsatisfied execution, the plaintiff in execution may file an affidavit so stating and that the execution is valid and outstanding and thereupon is entitled to these proceedings supplementary to execution."
There is nothing in the wording of the above quoted provision of the statute which indicates that a new suit on supplementary proceedings after judgment may be filed in another county. Subsection (2) of § 56.29 provides as follows:
"On such plaintiff's motion, the court shall require the defendant in execution to appear before it or a commissioner or a master at a time and place specified by the order in the county of the defendant's residence to be examined concerning his property." (Emphasis supplied.)
Under the above statute, the court (obviously the original court) requires the defendant in execution to appear before it or a master. § 56.29(9) emphasizes the broad purpose of supplementary proceedings and the broad discretion of the court as follows:
"The court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution."
This broad purpose was emphasized in State v. Viney, 120 Fla. 657, 163 So. 57 (1935), where the Supreme Court stated that proceedings supplementary were:
"... intended to give the circuit court broad discretionary powers to carry out the full intent and purpose of the proceedings supplementary to execution law which was to confer on circuit courts the right to subject any and all property, or property rights of any defendant in execution, however fraudulently conveyed, covered up, or concealed, the same might be, whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against him." (Emphasis supplied.)
Also, the Supreme Court in Virginia-Carolina Chemical Corp. v. Smith, 121 Fla. 720, 164 So. 717 (1935), commenting on an earlier version of § 56.29, said:
"... It was the evident intent and purpose of the Legislature in enacting Chapter 7842, Acts 1919, sections 4540 to 4549, inclusive, C.G.L., to `empower the [circuit] court to follow through with the enforcement of its judgment, so that there would be no necessity for an independent suit to reach property which legally should be applied to the satisfaction of the judgment.' Florida Guaranteed Securities Co. v. McAllister (D.C.Fla.) 47 F.2d 762, 765.
Judgments of the circuit court are enforceable in all counties throughout the state and the executions issued upon judgments rendered run with full force throughout the state... ." (Emphasis supplied.)
It is apparent that proceedings supplementary to judgment under the foregoing statute are a continuation of the same proceeding and that venue in the case does not shift from jurisdiction to jurisdiction during such proceeding, but remains with the court which entered the judgment.
Appellant also contends that when co-trustees of a trust are named as defendants, all of the co-trustees must be served before the court has jurisdiction of the co-trustees. Appellee responds contending that valid service of process in this cause was obtained upon the trust by personally serving one of the co-trustees  appellant Schwartz. We agree with appellee's contention unless it can be shown by appellant (which he has not yet done) that he did not have the powers listed in Fla.R.Civ.P. 1.210(c) and could not, therefore, represent the trust by himself. The pertinent part of the rule is as follows:
"In actions concerning property to which title is vested in trustees, where such trustees are competent to sell and give discharges for the proceeds of the sale, or the rents, income or profits of the estate, all or any of such trustees, shall represent the persons beneficially interested in the estate ..." (Emphasis supplied.)
If appellant as trustee has the powers set forth in the rule, he is authorized to represent the trust and appellees are not required *184 to bring other trustees in as parties to the suit. Upon remand the trial court should give appellant an additional opportunity to show that he does not have the powers listed in Rule 1.210(c).
AFFIRMED.
BOYER and SMITH, JJ., concur.