387 So.2d 554 (1980)
CORAL CONTRACTORS, INC., Etc., and Arthur R. Simmons, Etc., Petitioners,
v.
The Honorable Maurice PAUL, Etc., Respondent.
No. 80-869.
District Court of Appeal of Florida, Fifth District.
September 10, 1980.
Larry A. Karns of Lunny, Tucker & Heidgerd, Fort Lauderdale, for petitioners.
James E. Foster of Fishback, Davis, Dominick & Bennett, Orlando, for respondent.
ORFINGER, Judge.
The petition for writ of prohibition is denied. Prohibition is an extraordinary writ and cannot be resorted to when ordinary and usual remedies are available and are adequate and complete. 25 Fla.Jur. Prohibition, § 8 (1959). Prohibition will not lie to prevent or correct an error by a lower court that has jurisdiction over the case. 25 Fla.Jur., Prohibition, § 6 (1959).
*555 In the proceeding supplementary to execution below, the trial court first required defendants in execution (petitioners here) to appear in Orange County, although the record reflects that the individual defendant is a Broward County resident and the corporate defendant has its principal place of business in Broward County. Although contending that such requirement was erroneous under section 56.29(2), Florida Statutes[1], petitioners nowhere contend that the trial court lacked jurisdiction over the proceedings, the judgment upon which execution was sought having been rendered by that court. That the court which renders the judgment retains jurisdiction over the supplementary proceedings is clear. Schwartz v. Capitol City First National Bank, 365 So.2d 181 (Fla. 1st DCA 1979).
The record shows that the trial court rescinded the requirement that defendants appear in Orange County. Thus this point is moot. If petitioners contend that any other error has been committed, ordinary appellate remedies are available.
Petition DENIED.
SHARP and COBB, JJ., concur.
NOTES
[1] § 56.29(2), Fla. Stat. (1979):

On such plaintiff's motion the court shall require the defendant in execution to appear before it or a master at a time and place specified by the order in the county of the defendant's residence to be examined concerning his property.