ERVIN, Judge.
Roberto Martin has filed petitions for writs of prohibition and/or common law certiorari in this court, seeking to prohibit the lower court from proceeding to trial in Duval County. He argues that once venue is alleged in an indictment conjunctively (in more than one county), his right to be tried in the county of his choice is guaranteed by Sections 910.02 and 910.03, Florida Statutes, and by Article I, Section 16 of the Florida Constitution. Finding no merit in this argument, we deny the petitions.
Petitioner was indicted by the statewide grand jury in Tallahassee, Florida on July 18, 1985, along with two co-defendants, for criminal conspiracy to traffic in cannabis, and trafficking in cannabis, in violation of Sections 893.135(4) and 893.135(l)(a)(3), Florida Statutes. The indictment alleges in part that the petitioner and his co-defendants “did ... conspire, combine or confederate in Monroe, Duval, St. Johns and Dade *654 Counties” to import in excess of 10,000 pounds of marijuana into the state of Florida. The indictment was transferred to Duval County pursuant to a motion filed by the assistant legal adviser to the grand jury.[1]
On November 1, 1985, the petitioner filed a motion to transfer venue to Dade County. The trial court issued an order denying the motion for change of venue, and Martin thereupon filed the instant petitions in this court. While conceding that Section 910.-05, Florida Statutes, gives the state the right to file an indictment in Duval County, petitioner argues that Sections 910.02 and 910.03, Florida Statutes, and Article I, Section 16 of the Florida Constitution require a defendant to be given the right to elect venue upon its being alleged conjunctively in an indictment.[2]
Preliminarily we observe that prohibition will not lie to restrain a trial court from proceeding with the case after it has denied a motion for a change of venue. See State ex rel. Floral City Phosphate Co. v. Hocker, 33 Fla. 283, 14 So. 586 (Fla.1894); Coral Contractors, Inc. v. Paul, 387 So.2d 554 (Fla. 5th DCA 1980). Prohibition is the appropriate remedy in a situation in which a court acts without jurisdiction. For example, in Lowe v. Price, 437 So.2d 142, 143 (Fla.1983), the Florida Supreme Court found that prohibition was an appropriate remedy for a speedy trial violation.
Neither is common law certiorari the proper remedy, as the petitioner has failed to demonstrate “a violation of a clearly established principle of law resulting in a miscarriage of justice.” Combs v. State, 436 So.2d 93, 96 (Fla.1983). The petitioner’s reliance on sections 910.02 and 910.03 and on Article I, Section 16 of the Florida Constitution is misplaced. These respective provisions provide a choice of venue by a defendant in situations where the county in which a crime was committed is not known. Because the indictment in the case at bar lists the counties in which the crime occurred, section 910.05 is instead applicable to the issue of venue.
*655 If a single crime occurs in more than one known county, section 910.05 controls, and the case can be tried in any of the counties named at the state’s option. Crittendon v. State, 338 So.2d 1088 (Fla. 1st DCA 1976) (murder planned and initiated in Duval County and carried out in St. Johns County permitted prosecution in either county); Smith v. State, 42 Fla. 605, 28 So. 758 (Fla.1900) (mortal wound inflicted in Wakulla County, and death occurred in Leon County, venue proper in either county). Cf. Copeland v. State, 457 So.2d 1012, 1016 (Fla.1984), cert. den., — U.S. -, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985) (where robbery and kidnapping occurred in Wakulla County, and kidnapping continued in Leon County, with the victim there raped and murdered, trial appropriate in either county).
We conclude that venue was properly placed in Duval County pursuant to section 910.05, in that the indictment alleged that the acts constituting trafficking in cannabis and criminal conspiracy to traffic in cannabis took place in more than one county. Cf. Suiero v. State, 248 So.2d 219, 224 (Fla. 4th DCA 1971). (“[Pjrosecution for a criminal conspiracy may be brought in the county where the unlawful combination is formed or in any county where the oyert act is committed by any of the conspirators in furtherance of the unlawful confederacy.”)
The petitions are denied.
WENTWORTH and JOANOS, JJ., concur.

. An indictment by the Statewide Grand Jury is required to allege that the offenses took place in more than one county. McNamara v. State, 357 So.2d 410 (Fla.1978); State v. Ostergar, 360 So.2d 414 (Fla.1978). Section 905.34, Florida Statutes, provides in part;
The statewide grand jury may return indictments and presentments irrespective of the county or judicial circuit where the offense is committed or triable. If an indictment is returned, it shall be certified and transferred for trial to the county where the offense was committed.

. Section 910.05, Florida Statutes, states:
If the acts constituting one offense are committed in two or more counties, the offender may be tried in any county in which any of the acts occurred.
Section 910.02, Florida Statutes, states:
If an offense is committed on a railroad car, vehicle, watercraft, or aircraft traveling within this state and it is not known in which county the offense was committed, the accused may be tried in any county through which the railroad car, vehicle, watercraft or aircraft has traveled. The accused is entitled to elect the county in which he will be tried, as provided in s. 910.03.
Section 910.03, Florida Statutes, states:
Except as provided in s. 910.035 criminal prosecutions shall be tried in the county where the offense was committed; but if the county is not known, the accused may be charged in two or more counties conjunctively, and before trial the accused may elect the county in which he will be tried. By his election, the accused waives the right to trial in the county in which the crime was committed. Such election shall have the force and effect of the granting of an application of the accused for change of venue from the county in which the offense was committed to the county in which the case is tried.
Article I, Section 16, Florida Constitution, states:
In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation against him, and shall be furnished a copy of the charges, and shall have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed. If the county is not known, the indictment or information may charge venue in two or more counties conjunctively and proof that the crime was committed in that area shall be sufficient; but before pleading the accused may elect in which of those counties he will be tried. Venue for prosecution of crimes committed beyond the boundaries of the state shall be fixed by law.