COWART, Judge.
This is a controversy between the liability insurer of the owner-lessor, and the liability insurer of the lessee of a motor vehicle, as to the priority and amount each insurer is liable for bodily injuries caused to a third party by the operation of the leased vehicle by the lessee’s employee.
We earlier held in this controversy that because a certain provision of the lease agreement did not satisfy the “boldface” type requirement of section 627.7263, Florida Statutes, it was not effective to shift responsibility for primary liability coverage from the lessor to the lessee. Accordingly, we held the owner-lessor’s insurer provided primary liability coverage up to the statutory minimum requirement ($10,000). We remanded for the trial court to determine liability for subsequent layers of insurance coverage. Holler Rental Co. v. Marsh, 488 So.2d 653 (Fla. 5th DCA 1986). On remand, the trial court determined that, following the owner-lessor’s insurer’s statutory primary coverage of $10,000, next, by virtue of the driver’s status as active tortfeasor, the driver’s insurer (being the lessee-employer’s insurer) provided “excess” coverage to the extent of valid and collectible coverage ($250,000 in this case); then, by virtue of the vicarious secondary liability of the owner-lessor under the dangerous instrumentality doctrine for the negligence of a permissive user of its vehicle (and section 324.151(l)(a), Florida Statutes), the owner-lessor’s insurer again provided “excess” or “umbrella” coverage to the limits of valid and collectible coverage ($490,000 in this case).
We affirm on the authority of Allstate Ins. Co. of Canada v. Value Rent-A-Car of Florida, Inc., 463 So.2d 320 (Fla. 5th DCA 1985), review denied, 476 So.2d 672 (Fla.1985).
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.