594 So.2d 331 (1992)
Teresa A. PATTERSON, Appellant,
v.
Roger VENNE, Appellee.
No. 91-2838.
District Court of Appeal of Florida, Third District.
February 25, 1992.
Alfred Aronovitz and Derek C. Aronovitz, Miami, for appellant.
Sidney L. Syna, Miami, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
COPE, Judge.
Teresa Patterson appeals an order impleading her in proceedings supplementary under section 56.29, Florida Statutes (1989).
To the extent that Patterson appeals on venue grounds, we affirm. The *332 underlying action was litigated to conclusion in Dade County. Execution having been returned unsatisfied, the plaintiff-judgment creditor initiated supplementary proceedings in Dade County pursuant to section 56.29. Venue is proper where the underlying action was tried. See Coral Contractors, Inc. v. Paul, 387 So.2d 554, 555 (Fla. 5th DCA 1980); Schwartz v. Capital City First Nat'l Bank, 365 So.2d 181, 183 (Fla. 1st DCA 1978).
Patterson contends, however, that the order impleading her erroneously requires her to appear personally in Dade County "for a hearing and examination upon the proposed action." Order at 4, para. 6. As Patterson resides in Clay County, her objection is well taken.
After plaintiff Venne initiated proceedings supplementary, the matter was referred to a master, who recommended that plaintiff be granted leave to proceed under section 56.29.[1] An order to show cause was issued, identifying the allegedly fraudulent conveyance of stock by the defendant-judgment debtor to Patterson, the impleader defendant. The order was personally served on Patterson. It required her to serve a response by a date certain.
The order went on, however, to require Patterson's personal appearance in Dade County. Patterson is a resident of Clay County, and is a defending party who is not seeking affirmative relief. As such, she cannot be compelled to appear personally in Dade County. Godshall v. Hessen, 227 So.2d 506, 508 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 530 (Fla. 1970). Plaintiff may obtain discovery from her, but must proceed in Clay County. Id.; see Fla. R.Civ.P. 1.410(d)(2), 1.560.[2] As to that portion of the order, we treat the appeal as a petition for certiorari and quash so much of the order as compels Patterson's appearance in Dade County.[3]
Patterson asserts that the order under review in effect requires her to proceed without benefit of discovery. We do not so interpret the order. The Rules of Civil Procedure are applicable, see, Fla.R.Civ.P. 1.010; Exceletech, Inc. v. Williams, 579 So.2d 850, 852 (Fla. 5th DCA 1991) (Florida Rules of Civil Procedure apply to post-judgment proceedings), and the order does not prevent Patterson's availing herself of appropriate procedures to prepare her case.
Affirmed as to venue, certiorari granted.[4]
NOTES
[1] No examination of Patterson was made under subsection 56.29(2), as that subsection creates a procedure for plaintiff to examine the original defendant-judgment debtor (not the proposed impleader defendant) about the existence and location of defendant's assets.
[2] The same restriction on place of examination applies to the defendant-judgment debtor. See § 56.29(2), Fla. Stat. (1989).
[3] The court may set a hearing subsequent to the time in which Patterson is required to respond, but the court may not compel her appearance at the hearing.
[4] In Machado v. Foreign Trade, Inc., 544 So.2d 1061 (Fla. 3d DCA 1989), this court analogized the procedure under section 56.29 to third party practice under the Rules of Civil Procedure. Id. at 1062. That reference was intended to be an illustration only. Under section 56.29 the plaintiff-judgment creditor joins a third party as an additional defendant. See generally The Florida Bar, Basic Creditors' & Debtors' Rights in Florida § 5.6 (1988). The additional defendant is an impleader defendant, not a third party defendant. The original defendant-judgment debtor is not making a claim against Patterson; instead the original plaintiff is proceeding against Patterson as a newly impleaded defendant.