PER CURIAM.
Appellant obtained a judgment against Thunder Boat Row & Associates, Inc., but was unable to collect payment. Appellant then filed supplementary proceedings against the other appellees, who moved to transfer venue to Dade County. Appellee Almeida alleged that he was a resident of Dade County, and Appellee Fort Apache Marina, Inc. alleged that it was a corporation with its principal place of business in Dade County and that it had no office and did no business in Palm Beach County. The trial court granted the motion to transfer; however, we reverse.
In Schwartz v. Capital City First Nat’l Bank, 365 So.2d 181 (Fla. 1st DCA 1978), the court explained that in supplementary proceedings under section 56.29, Florida Statutes that: “venue in the case does not shift from jurisdiction to jurisdiction during such proceeding, but remains with the court which entered the judgment.” As the court noted, section 56.29(2) provides that defendants in supplementary proceedings are to be examined, concerning their property, in the county of their residence. Thus, while venue cannot be transferred, defendants in supplementary proceedings are entitled to be examined in the county of their residence. Patterson v. Venne, 594 So.2d 331 (Fla. 3d DCA 1992). We therefore reverse the order transferring venue.
STONE, C.J., and DELL and KLEIN, JJ., concur.