ON MOTION FOR REHEARING, REHEARING EN BANC, AND/OR CERTIFICATION AS A QUESTION OF GREAT PUBLIC IMPORTANCE
STEVENSON, J.
We deny appellant’s motion for rehearing, rehearing en banc, and/or certification as a question of great public importance. In so doing, we withdraw the prior opinion issued in this case on February 27, 2002, and substitute the following in its place.
Appellee, Gloria Wolk, obtained a money judgment for attorney’s fees against Accelerated Benefits Corporation (ABC) as a result of her successful defense of a libel suit. Wolk subsequently initiated proceedings supplementary under section 56.29, Florida Statutes (2000), by impleading the Department of Insurance as a defendant. ABC, a former Department of Insurance *1087 viatical settlement provider licensee, had allegedly posted a deposit bond with the Department of Insurance pursuant • to Florida Statute section 626.9913. The Department of Insurance filed its motion to transfer venue to Leon County, relying on the common law “home venue privilege” of a state agency to have actions against it brought in the county where that agency maintains its principal headquarters. See Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 363 (Fla.1977); Barr v. Fla. Bd. of Regents, 644 So.2d 333 (Fla. 1st DCA 1994). After a hearing, the trial court denied the motion. We affirm.
In Florida, the so-called “home venue privilege” was judicially created and derived from the common law rather than by legislative act. See Smith v. Williams, 160 Fla. 580, 35 So.2d 844, 847 (1948). Among the initial policy considerations for the home venue privilege were the maintenance of uniformity in the interpretation of rules and regulations by responsible state agencies as well as the prevention of conflicting judicial rulings which might occur while litigating these issues in different jurisdictions., See id. While promoting the “orderly and uniform handling of state litigation,” the home venue privilege also serves to “minimize expenditure of public funds and manpower.” Carlile, 354 So.2d at 364. Historically, Florida courts had acknowledged two exceptions to the home venue privilege: (1) the sword wielder doctrine, holding that if the state agency action complained of has been performed or is being performed in a given county, or if the threat of agency action in that county is real and imminent, venue may lie in that county; and (2) where the home venue privilege is waived by statute. See id. at 365-66; Barr, 644 So.2d at 335-36. A third exception, where the governmental body is sued as a joint tortfeasor, was later recognized in Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla.1983).
In Grice, the court reasoned that, where a governmental entity is sued as a joint-tortfeasor, strict adherence to the home venue privilege could lead to duplicative litigation and actually undermine the policy considerations underlying the privilege:
Modern methods of communication and transportation have weakened the policy reasons supporting the privilege while current crowded court docket conditions have strengthened the policy reasons for avoiding duplicative litigation if possible.
[[Image here]]
Frequently, [the beneficial purposes of the home venue privilege] are not furthered when the governmental defendant is sued as a joint tortfeasor. In such cases the district courts, in attempting to follow the dictates of Car-lile, have been ordering severance of lawsuits that would normally be tried in a single proceeding. The result, of course, is separate proceedings requiring increased use of public resources. The benefit of money saved by state . agencies and subdivisions by not having to defend against lawsuits filed outside their home counties must now be weighed against the increased costs incurred in the operation of the courts, • costs which are paid in substantial part by all taxpayers. Therefore, the objective of minimizing public expenditures in the operation of the courts is not far-thered when the home venue privilege results in multiple lawsuits. We therefore hold, as did the district court, that the home venue privilege for government entities is not absolute.
438 So.2d at 394-95 (citations omitted and emphasis added). The court went on to hold that a trial court has discretion to dispense with the home venue privilege when a governmental body is sued as a joint tortfeasor. See id.
*1088 Later, in Levy County School Board v. Bowdoin, 607 So.2d 479, 482 (Fla. 1st DCA 1992), in a breach of contract action where one of the defendants was a governmental agency and claimed the home venue privilege, the First District held that, on remand, the trial court must consider Grice in determining where venue should lie. The court stated that when “a suit involves two defendants residing in different counties, one being a governmental entity, trial courts have the discretion to dispense with the home-venue privilege, ‘guided by considerations of justice, fairness, and convenience under the circumstances of the case.’ ” Id. at 481 (quoting Grice, 438 So.2d at 395).
In the instant case, where the Department of Insurance was added as an “im-pleader defendant” in proceedings supplementary,[1] we conclude that the trial court had discretion to dispense with the home venue privilege. Appellate courts have consistently recognized that, although collateral, proceedings supplementary under section 56.29 are a continuation of the initial, underlying proceeding and “venue in the case does hot shift from jurisdiction to jurisdiction during such proceeding, but remains with the court which entered the judgment.” Schwartz v. Capital City First Nat’l Bank, 365 So.2d 181, 183 (Fla. 1st DCA 1978); see also Kraft Foodservice, Inc. v. Thunder Boat Row & Assocs., Inc., 700 So.2d 181 (Fla. 4th DCA 1997). Indeed, in Schwartz, the court stated that “[t]here is nothing in [chapter 56, Florida Statutes (1975),] which indicates that a new suit on supplementary proceedings after judgment may be filed in another county.” 365 So.2d at 183. The relevant provisions of the 1975 statute are substantially the same as those in the 2001 version at issue here. Proceedings supplementary under section 56.29 were designed to give the circuit courts broad powers to subject all property of a defendant in execution to the power of the court, “ ‘whether in the name or possession of third parties or not.’ ” Schwartz, 365 So.2d at 183 (quoting State v. Viney, 120 Fla. 657, 163 So. 57 (1935)).
The policy reasons behind the home venue privilege would not be well served by strict application of the rule here. The Florida Department of Insurance was named as an impleader defendant in the original action already proceeding in Bro-ward Circuit Court and was sued in its limited capacity as bond-holder. Transfer of venue in this case would result in new and additional litigation in a different court and would do little to further the policy considerations of the home venue privilege. Here, the trial court did not abuse its discretion in holding that, in this case, the home venue privilege must give way to the well-recognized, statutorily-based precept that venue in supplementary proceedings remains where venue began in the underlying action.[2]
AFFIRMED.
WARNER and MAY, JJ„ concur.

. Under section 56.29, the plaintiff-judgment creditor may join a third party as an additional defendant. In this instance, since the original defendant-judgment debtor is not making a claim against the third party, the newly joined party is an "impleader defendant,” and not a "third party defendant.” See Patterson v. Venne, 594 So.2d 331, 332 n. 4 (Fla. 3d DCA 1992).

. Additionally, the Department argues that appellee is abusing the proceedings supplementary process by attempting to use it as a mechanism for "execution” on property rather than mere discovery. Those issues are not ripe for discussion here.