TAYLOR, J.
 

 In this post-judgment collection action, appellant, a former defendant in the underlying litigation, appeals the trial court’s nonfinal order denying her motion to dismiss the plaintiffs motion to implead her for lack of personal jurisdiction. Because appellant voluntarily appeared in the main proceeding and waived the personal jurisdiction issue, the trial court has continuing jurisdiction over appellant and properly denied appellant’s motion to dismiss.
 

 Harry Pappas sued appellant, along with another individual and three corporations, for invasion of privacy. He alleged that they misappropriated his name and likeness in advertisements for an herbal Viagra product. Appellant participated in the trial and did not raise the defense of lack of personal jurisdiction at any time during the proceedings. According the appellant, the trial court entered a directed verdict in her favor. The court later entered a final judgment against the remaining defendants.
 
 [1]
 
 About eight months later, Pappas moved to implead appellant and another corporation in supplemental proceedings to enforce the judgment against the other defendants. He alleged that appellant, as the sole officer, owner, and operator of all of the companies involved in the lawsuit, had fraudulently conveyed funds to entities which were her alter ego and that appellant had commingled and pooled funds from these entities with her personal funds and operated the various companies as a single enterprise.
 

 Appellant moved to dismiss Pappas’ amended motion to implead. The trial court denied the motion, explaining that it had personal jurisdiction over appellant because the proceedings supplemental to the judgment were a continuation of the main proceeding and that the court clearly had personal jurisdiction over Buckley during the main proceeding.
 

 Under Florida Rule of Civil Procedure 1.140(h), a defendant must raise the affirmative defense of lack of personal ju
 
 *378
 
 risdiction in the first responsive pleading or motion or the defense is waived. Here, the record shows, and the parties concede, that appellant failed to raise this affirmative defense before her directed verdict and thus waived the personal jurisdiction issue in the original proceeding. The trial court properly concluded that appellant waived the personal jurisdiction defense in the execution action as well, because these proceeding are simply supplementary to the original civil action. “Proceedings supplementary are post-judgment proceedings that permit a creditor to effectuate a judgment lien already existing; they are not independent causes of action.”
 
 Zureikat v. Shaibani,
 
 944 So.2d 1019, 1022 (Fla. 5th DCA 2006);
 
 Schwartz v. Capital City First Nat’l Bank,
 
 365 So.2d 181, 183 (Fla. 1st DCA 1978) (holding that proceedings supplementary to judgment are a continuation of the underlying proceedings).
 

 Appellant correctly argues that trial courts generally lose jurisdiction of the subject matter and parties after a judgment becomes final and if no tolling motion is filed.
 
 T.D. v. K.D.,
 
 747 So.2d 456 (Fla. 4th DCA 1999). In this case, however, the trial judge never issued a final judgment in favor of the appellant. Because the trial court has continuing jurisdiction over appellant, it did not err in denying appellant’s motion to dismiss.
 

 Affirmed.
 

 HAZOURI and MAY, JJ., concur.
 

 [1]
 

 . There is no evidence on the record that the trial judge granted a directed verdict in favor of the appellant. However, it appears that appellant was exonerated of liability based on the fact that she was not named in the final judgment entered against the remaining defendants.