The **ESTATE OF Juanita Amelia JACKSON, Plaintiff,**

v.

**VENTAS REALTY, LIMITED PARTNERSHIP, and Ventas, Inc., Defendants.**

**Case No. 8:11–cv–1314–T–23AEP.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 12, 2011.

---

Ashlie N. Merchant, Bennie Lazzara, Jr., Blair Mendes, Isaac R. Ruiz–Carus, James Robert Freeman, James L. Wilkes, II, Joanna M. Greber, Wilkes & McHugh, P.A., Tampa, FL, for Plaintiff.

A. Lamar Matthews, Jr., Hunter Wyman Carroll, Matthews, Eastmoore, Hardy, Crauwels & Garcia, PA, Sarasota, FL, Anthony B. Borich, Daniel J. Weiss, David J. Bradford, Jenner & Block, LLP, Chicago, IL, for Defendants.

## ORDER

STEVEN D. MERRYDAY, District Judge.

After roughly a year at a nursing home, Juanita Amelia Jackson died. In the circuit court for Polk County, Florida, the Jackson estate sued the owners of the nursing home for wrongful death and obtained a default judgment for $110 million. The broke and defunct nursing home owners failed to defend the lawsuit and failed to pay the Jackson estate's judgment.

### The Two Parties Before Judge Covington

In December, 2010, the Jackson estate requested in the Polk County circuit court a supplemental proceeding under Section 56.29, Florida Statutes, to aid in the satisfaction of the outstanding judgment and the consequent execution. First, the Jackson estate moved to implead in the Polk County circuit court two new parties, General Electric Capital Corporation ("GECC") and Rubin Schron. Alleging that the nursing home owners obstructed the Jackson estate's collection of the judgment by fraudulently transferring millions of dollars to GECC and Schron, the Jackson estate seeks to obtain the nursing home owners' assets that GECC and Schron allegedly possess.

The Polk County circuit court granted the Jackson estate's motion to initiate a supplemental proceeding and to implead GECC and Schron. Following the prescription of Section 56.29, the state court directed GECC and Schron:

> to show cause ... why the assets in [their] possession or control, allegedly transferred to [them] by [the nursing home owners], should not be declared fraudulently acquired, the transfers voided, and the assets or their proceeds and profits levied upon to satisfy the Estate of Jackson's Final Judgment.

Asserting diversity jurisdiction, GECC and Schron removed to the district court; the clerk assigned the case to Judge Covington. *Estate of Juanita Amelia Jackson v. Trans Health Management, Inc. et al.,* 8:10–cv–2937–T–33TGW (M.D.Fla.). The Jackson estate moved the district court to remand. On May 23, 2011, Judge Covington adopted Magistrate Judge Wilson's April 29, 2011, report and recommendation and denied the motion to remand.

### The Eleven Parties in the Present Case

More than five months after initiating the supplemental proceeding in Polk County circuit court by impleading GECC and Schron and two weeks after Magistrate Judge Wilson recommended denial of remand, the Jackson estate moved again in Polk County circuit court to implead additional parties into the Section 56.29 supplemental proceeding. Claiming in the new motion in Polk County circuit court that an investigation uncovered "a number of intertwined transactions by multiple individuals and companies that were carefully orchestrated to delay, hinder and mislead the [ ]Judgment Creditor," the Jackson estate requested that the state court implead fourteen parties allegedly in possession of the nursing home owners' assets. The Polk County circuit court granted the Jackson estate's motion to implead the fourteen parties. On June 7, 2011, one of the fourteen new parties in the two-party federal district court action before Judge Covington submitted an emergency motion to enjoin the second supplemental proceeding in the Polk County circuit court, which motion Judge Covington denied on June 13, 2011.

Between June 13th and June 20th, further elongating and complicating the picture, eleven of the fourteen parties in the second supplemental proceeding in Polk County circuit court purported to remove to the district court; three of the fourteen

parties elected not to remove. The district court clerk docketed the six notices (some for more than one party) as six separate actions assigned to four judges:

- 8:11–cv–1314–T–23AEP, *Estate of Juanita Amelia Jackson v. Ventas Realty, Limited Partnership, and Ventas, Inc.* (M.D.Fla.) (assigned to Judge Merryday)
- 8:11–cv–1322–T–23TGW, *Estate of Juanita Amelia Jackson v. Troutman Sanders, LLP* (M.D.Fla.) (assigned to Judge Merryday)
- 8:11–cv–1 348–T–23TGW, *Estate of Juanita Amelia Jackson v. Fundamental Long Term Care Holdings, LLC, Fundamental Long Term Care Holdings, LLC, Murray Forman, and Leonard Grunstein* (M.D.Fla.) (assigned to Judge Moody but transferred to Judge Merryday)
- 8:11–cv–1351–T–23TGW, *Estate of Juanita Amelia Jackson v. GTCR Golder Rauner, LLC, GTCR Golder Rauner, LLC, GTCR Partners VI, L.P., and Edgar D. Jannotta, Jr.* (M.D.Fla.) (assigned to Judge Bucklew but transferred to Judge Merryday)
- 8:11–cv–1369–T–23TBM, *Estate of Juanita Amelia Jackson v. Trans Health Management, Inc., Trans Healthcare, Inc., Rubin Schron, General Electric Capital Corporation, and Fundamental Administrative Services, LLC* (M.D.Fla.) (assigned to Judge Moody but transferred to Judge Merryday)
- 8:11–cv–1 370–T–23TGW, *Estate of Juanita Amelia Jackson v. Trans Health Management, Inc., Trans Healthcare, Inc., Rubin Schron, General Electric Capital Corporation, and THI of Baltimore, Inc.* (M.D.Fla.) (transferred to Judge Merryday from Judge Whittemore after recusal by Judge Lazzara)

After four *sua sponte* transfers by the district judges, the six actions and the eleven removers from the Polk County supplemental proceeding are before one federal judge (and two remain before Judge Covington). Three of the fourteen parties in the second supplemental proceeding remain in the Polk County circuit court; at least two of the three are Florida residents. Twenty-eight motions await attention in the six actions, but paramount is the motion to remand for lack of subject matter jurisdiction pending in each action. *See Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410–11 (11th Cir.1999). The Jackson estate argues that a Section 56.29 supplemental proceeding is not a "civil action" removable under 28 U.S.C. § 1441(a) and argues that the Jackson estate and the fourteen parties in the second supplemental proceeding are not diverse.

### A Section 56.29 Supplemental Proceeding

Section 56.29 empowers the Florida court that rendered a judgment to "order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." In other words, a Section 56.29 supplemental proceeding is a summary equitable remedy that allows a judgment creditor to follow and retrieve money that a judgment debtor passed to a third-party:

> [T]he purpose [of a supplemental proceeding] is to aid the holder of a valid and outstanding execution to ferret out what assets the judgment debtor may have or what property of his others may be holding for him, or may have received from him to defeat the collection of the lien or claim, that might be subject to execution.... [A supplemental proceeding is] in the nature of [a] proceeding[ ] in discovery of property which should be made available to the execution. As we

see it, [a supplemental proceeding] relate[s] directly to the execution and [is] designed to aid in determining through judicial process what property the defendant may have or others may have for him that could be subjected to the execution.

*Young v. McKenzie,* 46 So.2d 184, 185 (Fla.1950); *see also Reese v. Baker,* 98 Fla. 52, 123 So. 3, 4 (1929) ("the purpose of [a supplemental proceeding is] to secure information that may ... be the means of satisfying an execution already secured in due course of law"); *Schwartz v. Capital City First Nat. Bank,* 365 So.2d 181, 183 (Fla. 1st DCA 1978) ("[Section 56.29] empower[s] the circuit court to follow through with the enforcement of its judgment, so that there [is] no necessity for an independent suit to reach property which legally should be applied to the satisfaction of the judgment") (quoting *Virginia–Carolina Chem. Corp. v. Smith,* 121 Fla. 720, 164 So. 717, 721 (1936)); Henry P. Trawick, Jr., *Florida Practice and Procedure* § 27:9 (2011).

A Section 56.29 supplemental proceeding "enabl[es] the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto by a speedy and direct proceeding in the same court in which the judgment was recovered." *Regent Bank v. Woodcox,* 636 So.2d 885, 886 (Fla. 4th DCA 1994) (emphasis removed) (quoting *Richard v. McNair,* 121 Fla. 733, 164 So. 836, 840 (1935)). "[Section] 56.29 does not create substantive rights of recovery nor provide a basis for entry of a money judgment." *In re Hill,* 332 B.R. 835, 843 (Bankr.M.D.Fla.2005). Rather, "[p]roceedings supplementary are entirely statutory and [are] of limited purpose: to aid a judgment creditor ... to discover then effectuate the assets of a judgment debtor." *Mystique, Inc. v. 138 Int'l, Inc.,* 2010 WL 3008809, *4 (S.D.Fla.2010) (Torres,

Mag. J.), *adopted*, 2010 WL 4316957; *see Conrad v. McMechen*, 338 So.2d 1306, 1307 (Fla. 4th DCA 1976). A Section 56.29 supplemental proceeding lacks important characteristics of a new or separate suit. *Cf. Buckley v. Pappas*, 2 So.3d 376, 378 (Fla. 4th DCA 2008) ("Proceedings supplementary are post-judgment proceedings that permit a creditor to effectuate a judgment lien already existing; they are not independent causes of action") (quoting *Zureikat v. Shaibani*, 944 So.2d 1019, 1022 (Fla. 5th DCA 2006)); *Regent Bank*, 636 So.2d at 886 (Section 56.29 "was designed to avoid the necessity of the judgment creditor initiating an entirely separate action"). For example, a counter-claim by a party impleaded into a Section 56.29 supplemental proceeding is impermissible:

> nothing in [Section 56.29] authorize[s] a judgment debtor or impleaded parties to raise state law claims that have nothing to do with the sole purpose of [a Section 56.29] post-judgment proceeding; namely, to determine whether the impleaded defendants are in possession of property of [the judgment debtor] that could be used to satisfy the final judgment.... The purpose of [Section] 56.29—to ensure the swift, summary disposition of issues—would be thwarted by allowing the judgment debtor and the impleaded parties to in effect commence an entirely new lawsuit based on state common law causes of action when proceedings supplementary are simply a procedural mechanism through which [a judgment creditor] may reach property of [a judgment debtor] that it has otherwise been unable to execute on, without the necessity of instituting a new lawsuit to do so.

*Mystique, Inc.*, 2010 WL 3008809 at *5. Also, because Section 56.29 codifies the formerly equitable proceeding for a creditor's bill, no jury trial right attaches in a supplemental proceeding. *Dezen v. Slatcoff*, 66 So.2d 483, 485 (Fla.1953); *381651 Alberta, Ltd. v. 279298 Alberta, Ltd.*, 675 So.2d 1385 (Fla. 4th DCA 1996); and *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 72 F.R.D. 464 (M.D.Fla.1976).

A supplemental proceeding is an assertion of an equitable claim against assets of the judgment debtor in the possession of an impleaded party, regardless of whether the impleaded party's role in receiving and possessing the assets is rightful (e.g., a gift prompted by affection) or wrongful (e.g., the impleaded party purchased assets of the judgment debtor at a conspiratorially low price). Rather than adjudicating a cause of action asserted personally against an impleaded party by the judgment creditor, a supplemental proceeding identifies and marshals the assets of the judgment debtor in the hands of an impleaded party. In other words, although the Jackson estate alleges that the fourteen impleaded parties avidly conspired to fraudulently deprive the judgment debtor of assets and defeat the Jackson estate's attempt to collect $110 million, the Jackson estate does not assert these facts in a supplemental proceeding to state a cause of action for either civil conspiracy or fraud but, rather, to explain to the Polk County circuit court why an identifiable asset in the hands of an impleaded party is an asset of the judgment debtor collectable by the Jackson estate. The Jackson estate's allegation of civil conspiracy and fraud is merely information about the nature of a disputed asset and not the assertion of a cause of action. A supplemental proceeding contemplates no complaint, no cause of action, no counter-claim, no finding of personal liability in either contract or tort, and no personal judgment against an impleaded party.

A disappointed federal judgment creditor, that is, the disappointed holder of a judgment rendered in federal court, can initiate a supplemental proceeding in the federal court under Rule 69(a), Federal Rules of Civil Procedure, which requires

that the "procedure ... must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." (In other words, a federal supplemental proceeding occurs under Rule 69(a) and applicable federal statutes but otherwise Rule 69(a) elects to accord federal procedure with state procedure.) On the other hand, a state supplemental proceeding occurs under Section 56.29, Florida Statutes, at the instance of a disappointed state judgment creditor, that is, the holder of a judgment rendered in state court.

Because a supplemental proceeding "under [Section 56.29 is] a continuation of the same proceeding[, jurisdiction] remains with the court which entered the judgment" and a plaintiff may not initiate a supplemental proceeding outside the county where the judgment was awarded and the execution was issued. *State Dept. of Ins. v. Accelerated Benefits Corp.*, 817 So.2d 1086 (Fla. 4th DCA 2002); *Patterson v. Venne*, 594 So.2d 331 (Fla. 3d DCA 1992); and *Schwartz*, 365 So.2d at 183. A Section 56.29 a supplemental proceeding in federal court to enforce a state court judgment against an impleaded party would grossly transgress the purpose and structure of Section 56.29. Accordingly, the Jackson estate's Polk County default judgment and unsatisfied Polk County execution, combined with Section 56.29, authorize the Jackson estate to initiate a supplemental proceeding only in the Polk County circuit court.

### The District Court's Original Jurisdiction

Section 1441(a) of Title 28 of the United States Code states:

> Except as otherwise expressly provided by Act of Congress, *any civil action brought in a State court of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added)

Professors Wright and Miller characterize as "of cardinal importance" the principle that "an action is removable only if it originally might have been brought in a federal court." 14B Wright & A. Miller, *Federal Practice & Procedure*, § 3721 at 7 (2009). Because a judgment creditor cannot initiate in the district court a supplemental proceeding under Section 56.29 to enforce a Polk County circuit court judgment, that is, because a Section 56.29 action is not within the "original jurisdiction" of the district court under Section 1441(a), a defendant cannot remove a Section 56.29 supplemental proceeding to federal court, notwithstanding the presence of both jurisdictional amount and complete diversity of citizenship.

To say that the Jackson estate's supplemental proceeding is not within the "original jurisdiction" of the district court is to say only the obvious: a supplemental proceeding to enforce a state court judgment occurs in state court under Section 56.29; a supplemental proceeding to enforce a federal court judgment occurs in federal court under Rule 69(a); the Jackson estate has no federal judgment to enforce; the Jackson estate could not have initiated in federal court a supplemental proceeding under Section 56.29 to enforce a state court judgment; a supplemental proceeding under Section 56.29 to enforce a state court judgment is perforce not within the original jurisdiction of the district court; and, therefore, a supplemental proceeding under Section 56.29 is manifestly not removable and warrants remand.[1]

---

1. Although not even the Jackson estate can    initiate or maintain in federal court a Section

### An Incidental, "Satellite," and Ancillary Proceeding

The Jackson estate alleges that the fourteen impleaded parties wrongfully acquired and possess many millions of dollars of the nursing home owners' assets. These allegations depend on, and are ancillary to, the unsatisfied judgment against the nursing home owners. The Jackson estate's supplemental proceeding is an effort to execute the state court judgment and is an inseparable adjunct of the state court action.

■ Although federal law governs the characterization of a supplemental proceeding for the purpose of removal, *Harrison v. St. Louis & S.F.R. Co.*, 232 U.S. 318, 328–31, 34 S.Ct. 333, 58 L.Ed. 621 (1914); *Southern Pac. Co. v. Denton*, 146 U.S. 202, 209, 13 S.Ct. 44, 36 L.Ed. 942 (1892); *Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa*, 185 F.2d 96, 99 (8th Cir.1951), "to totally ignore the structure of state procedural law would reflect an overly-procrustean

view" and would infract the principle of comity. *Butler v. Polk*, 592 F.2d 1293, 1296 n. 7 (5th Cir.1979); 14B Wright & A. Miller, *supra*, § 3721 at 37 ("the state characterization [of a proceeding as ancillary to the original action is] regarded as weighty but not conclusive"). As Judge Selya writes:

> [a] supplementary [state] court proceeding does not independently qualify as a removable "civil action" under 28 U.S.C. § 1441(a). Recent cases in which parties attempt to remove state supplementary proceedings are scarce, but the federal bar to entertaining "satellite elements" of pending state suits and judgments clearly remains intact as the sensible judicial rule.

*Armistead v. C & M Transport, Inc.*, 49 F.3d 43, 46 (1st Cir.1995) (citations and quotation omitted). Judge Lenard recently expressed the same view in regard specifically to Section 56.29:

56.29 supplemental proceeding to enforce the Polk County circuit court judgment, a state judgment creditor enjoys options. By an independent action or by proceeding under the Uniform Enforcement of Foreign Judgments Act, adopted in most states and adopted in Florida as Section 55.501–607, Florida Statutes, a judgment creditor may domesticate a Florida judgment in another state, secure the issuance of an execution in the other state, and initiate a supplemental proceeding in the other state to enforce the judgment, newly formalized in the other state. *See, e.g., Weiner v. Blue Cross of Maryland, Inc.*, 730 F.Supp. 674 (D.Md.1990). The Uniform Enforcement of Foreign Judgments Act also permits summary domestication in a state of a federal judgment.

But, can a state judgment creditor obtain a federal judgment and initiate supplemental proceedings under Rule 69(a)? If federal jurisdiction independently exists (that is, jurisdictional amount and diversity), a state judgment creditor has the option to sue in federal court to reduce a state court judgment to a federal court judgment. *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 153–54

and n. 1 (5th Cir.1974); *Threlkeld v. Tucker*, 496 F.2d 1101, 1104 (9th Cir.1974). After successfully suing on the state court judgment and securing a federal court judgment, a state court judgment creditor may pursue a Rule 69(a) supplemental proceeding to enforce the new federal court judgment. *United States v. Fairbank Realty Corp.*, 50 F.Supp. 373, 375 (E.D.N.Y.1943) ("It is academic that it would be impossible for the holder of a judgment recovered in a state court to issue execution on that judgment in this [federal] Court ... until he first sued on that judgment and recovered one in this Court").

In this case, only the Jackson estate can accomplish in federal court a supplemental proceeding to recover from an impleaded party the assets of the judgment debtor against whom the Jackson estate prevailed in Polk County circuit court. Of course, the Jackson estate surely lacks the inclination to do so, and the parties impleaded in Polk County circuit court lack complete diversity. In fact, to federalize a state judgment is usually pointless and (because of the pointlessness) certainly rare.

a federal court may not exercise jurisdiction over ancillary proceedings, or a case that is "a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it." .... [T]he Plaintiff's [Section 56.29] cause of action against the Impleader Defendants arises out of and cannot exist independently of [the] Plaintiff's judgment [in the original state court action].

*Office Building, LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963, *3–*4 (S.D.Fla. 2011) (quoting *Barrow v. Hunton*, 99 U.S. 80, 82, 25 L.Ed. 407 (1878)). The Section 56.29 supplemental proceeding requires the fourteen impleaded parties, like the defendants in *Office Building*, "to account for their role in divesting [the] judgment debtor [ ] of [ ] assets prior to final judgment." 2011 WL 1674963 at *5. A sound logic undergirds the requirement that this "satellite element" of a state court case remain in state court:

> The notion of comity between state and federal courts [ ] supports the view that a court should have control over its own process, including its mode of execution. Bifurcation of a case into two forums might do it practical violence. From a pragmatic viewpoint, it would be wasteful to have the appendage in federal court when the principal claim is being litigated in state court. The state courts may have more expeditious methods for

adjudicating issues bearing on matters already *sub judice.*

*Richmond v. Allstate Ins. Co.*, 624 F.Supp. 235, 237 (E.D.Pa.1985).

This logic applies to the distinctive facts of this case and demonstrates the importance of treating a Section 56.29 supplemental proceeding as inseparable from the original judgment. To oversee in federal court the execution of the Jackson estate's state court judgment, which remains in state court, would risk an undue encroachment on the operation of the state judiciary.[2] Further, because the Jackson estate alleges a single (albeit panoramic) conspiracy to fraudulently drain the nursing home owners of assets owed to the Jackson estate, an independent and disconnected proceeding (or two or seven or more disconnected proceedings) in federal court would prove duplicative of, or potentially inconsistent with, the supplemental proceeding against the three parties remaining in Polk County circuit court.

The eleven removing parties contend—against the design of the Jackson estate—that each supplemental proceeding is independent and divisible. Were the eleven removing parties correct, an unnecessary and extensive waste of judicial and other resources would accompany the seven separate actions (one in state court and six in federal court) as each redundantly investigated an allegedly latticed conspiracy.[3] (With the two parties, GECC and Schron,

---

**2.** In addition to the fact that the district court has no business marshalling assets on behalf of a state court judgment creditor, an array of complications threaten. For example, if a Section 56.29 supplemental proceeding occurs in district court and an impleaded party moves under Rule 60(b) to vacate the state court judgment on which the Section 56.29 proceeding depends, the district court confronts the awkward anomaly of adjudicating the validity of a state court judgment, an unnecessary impingement of state sovereignty that might result in a determination with which the state court disagrees.

**3.** At a case management hearing in state court the Jackson estate stated that each of the fourteen parties "played a different role" in draining the nursing home owners of the money to pay the Jackson estate's judgment. The Jackson estate's statement in state court suggests only that each party fulfilled a different function in the same "carefully orchestrated" conspiracy and (obviously) not that each party undertook a separate conspiracy. *Cf. Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996), *abrogated on other grounds*, 204 F.3d 1069 (11th Cir.2000).

in the first, removed supplemental proceeding the total becomes eight actions.) Also, in a lawsuit "[the] plaintiff generally has the prerogative of [either] joining multiple defendants or bringing separate actions." 7 Wright & Miller, *supra*, § 1657 at 429. The prerogative of the plaintiff to structure a litigation by determining which parties to include and where to litigate should not disintegrate after the plaintiff wins a judgment and pursues execution. In state court and with every expectation of a prompt, consolidated, and summary determination of whether one or more of the fourteen possess assets of the judgment debtor, the Jackson estate impleaded fourteen parties by a single motion that alleges a single conspiracy. The eleven removing parties cannot radically scatter into other actions in another court and happily compel the Jackson estate to follow.

In sum, the Jackson estate initiates in state court under Section 56.29 "a supplemental proceeding[ ] that [is] a mere mode of execution or relief, inseparably connected with [the] original judgment [ ] in [the] state court proceeding and therefore not removable." 14B Wright & A. Miller, *supra*, § 3721 at 36. Neither the Jackson estate nor anyone else, however situated, can initiate a supplemental proceeding in federal court under Section 56.29; for that reason, because of an absence of original jurisdiction, the eleven impleaded parties cannot remove the Jackson estate's Section 56.29 supplemental proceeding to federal court.

### *An Aside: Fraudulent Joinder*

██ The eleven removing parties object that the Jackson estate fraudulently joined the two non-diverse parties. Fraudulent joinder occurs if a cause of action against

the non-diverse defendant is impossible to prove or if a plaintiff fraudulently pleads a jurisdictional fact. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998); *Jones v. Honeywell Intern., Inc.*, 385 F.Supp.2d 1268 (M.D.Fla.2005). Demonstrating fraudulent joinder is more difficult than demonstrating failure to state a claim. *Triggs*, 154 F.3d at 1287 ("no possibility that the plaintiff can prove a cause of action" is necessary for fraudulent joinder); *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir.1992).

The two non-diverse parties are Concepcion, Sexton & Martinez, PA, a Florida law firm, and GTCR Fund VI, LP, which has a Florida resident partner. The Jackson estate's allegations against GTCR Fund VI, LP, are not so palpably weak as to equal fraudulent joinder. Most of the eleven removing parties assert that the Jackson estate's second supplemental proceeding in state court mentions GTCR Fund VI, LP, only once, but because the motion clarifies that three GTCR corporations are referred to collectively as "GTCR," the motion in fact mentions GTCR Fund VI, LP, constantly. Although the motion amalgamates GTCR Fund VI, LP, and others into a single appellation when alleging the conspiracy—a fatal problem if this were a motion to dismiss for failure to state a claim, *see American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293–94 (11th Cir. 2010)—the Jackson estate succeeds at the basic task of alleging that GTCR Fund VI, LP, and the other impleaded parties wrongfully hold the nursing home owners' money. The eleven removing parties fail to show that a claim against GTCR Fund VI, LP, is impossible. *See Triggs*, 154 F.3d at 1287.[4]

---

4. However, several of the Jackson estate's claims appear highly implausible. For example, of impleaded party Troutman Sanders, LLP, the motion to implead states only that

"Troutman is a law firm doing business in Florida." 8:11–cv–1322–T–23TGW (Doc. 8 at 7). The one apparent connection between

### Conclusion

The Section 56.29 supplemental proceeding in Polk County circuit court is not subject to removal. Claiming that the removals are unreasonable, the Jackson estate requests attorney fees and costs. The six attempted removals are not so unreasonable a detour as to warrant sanction because, although the best jurisdictional rule is a simple jurisdictional rule that draws little attention and that facilitates prompt progress to the merits of a dispute, the rule here is not simple.

The Jackson estate's motion to remand (Doc. 17) is **GRANTED,** and this action is **REMANDED** without an award of attorney fees or costs. The clerk is directed to (1) mail a certified copy of this order under 28 U.S.C. § 1447(c) to the clerk of the Circuit Court for Polk County, Florida, (2) terminate any pending motion, and (3) close the case.

Troutman Sanders and this litigation is that another impleaded party, Leonard Grunstein, was a Troutman Sanders partner. In a Section 56.29 supplemental proceeding the Jackson estate cannot recover assets from Troutman Sanders based on *respondeat superior,* but neither does the Jackson estate allege that Troutman Sanders possesses money that belonged to the nursing home owners. The Jackson estate's impleading of Troutman Sanders appears baseless. Further, Troutman Sanders argues vigorously and potently that personal jurisdiction over Troutman Sanders is absent. Nevertheless, the flaws of the supplemental proceeding against Troutman Sanders and others must await disposition before the state court. *See generally Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).