ROTHENBERG, J.
In this petition for writ of certiorari, the State seeks to quash an order issued by the Fifteenth Judicial Circuit Court of Palm Beach County (“the Palm Beach circuit court”), transferring venue of charges filed against the defendant, Adonis Losada (“the defendant”), in the Palm Beach circuit court, and ordering that these charges be consolidated with separate criminal charges filed against the defendant in the Eleventh Judicial Circuit Court of Miami-Dade County (“the Miami-Dade circuit court”). Because we conclude the Palm Beach circuit court acted in excess of its jurisdiction, and the order issued is a departure from the essential requirements of law resulting in irreparable harm, we grant the petition, and quash the order under review. See State v. Luis, 949 So.2d 277, 277 (Fla. 4th DCA 2007) (concluding that the State may seek certiorari review of non-final orders transferring venue and ordering consolidation); State v. Lozano, 616 So.2d 73, 76 (Fla. 1st DCA 1993); Hudson v. Hofmann, 471 So.2d 117, 118 (Fla. 2d DCA 1985) (“Common law certio-rari is the proper vehicle to review whether the lower court acted in excess of its jurisdiction.”).
The operative facts are as follows. The State alleges that on August 28, 2009, the defendant sent an image of child pornography from his computer to Detective Ramos in Palm Beach County, who was posing as a bilingual, bisexual adult male. On September 14, 2009, the defendant allegedly *1106 sent an additional thirty-two child pornography images to Detective Ramos in Palm Beach County. The Defendant was subsequently charged in Palm Beach circuit court with thirty-three counts of transmission of child pornography and thirty-three counts of computer pornography in connection with the images sent to Detective Ramos on August 28, 2009, and September 14, 2009.
On September 18, 2009, twenty-one days after the initial image and four days after the additional images were allegedly transmitted by the defendant to Detective Ramos in Palm Beach County, a search warrant was executed by the Miami Beach Police Department in Miami-Dade County. The defendant’s computer was seized, and sixteen child pornography images were found on the defendant’s computer — the first image sent to Detective Ramos on August 28, 2009, and fifteen images that had not been transmitted to Detective Ramos. The defendant was charged in Miami-Dade circuit court with sixteen counts of possession of sexual performance of a child in connection with the images found on his computer on September 18, 2009.
Nearly two years after the defendant was charged in these two cases, he filed a motion in Palm Beach circuit court to transfer venue and consolidate the charges filed in Palm Beach County with the charges filed in Miami-Dade County. Over State objection, the Palm Beach circuit court granted the defendant’s motion and issued an order transferring venue to Miami-Dade County and consolidating the Palm Beach County charges with the Miami-Dade County charges.

LEGAL ANALYSIS

Section 910.03(1), Florida Statutes (2011), provides that “Except as provided in s. 910.035 or in subsection (2), criminal prosecutions shall be tried in the county where the offense was committed.... ” “If the acts constituting one offense are committed in two or more counties, the offender may be tried in any county in which any of the acts occurred.” § 910.05, Fla. Stat. (2011).
If the State commences prosecution of criminal charges in a county where venue properly lies, the defendant, under certain limited circumstances, may seek a change in venue. For example, if the State is unsure which county the offense was committed, it may charge the defendant in two or more counties conjunctively, and before trial the defendant may elect the county in which he or she will be tried. § 910.03(1); see also Art. I, § 16(a), Fla. Const, (providing that if the county where the offense was committed is unknown and the crime is charged conjunctively, the accused may elect in which of these counties the trial will take place). Or, if the court determines that the defendant cannot receive a fair and impartial trial in the county where the offense was committed, the defendant may request a change in venue. § 910.03(3). If a defendant has criminal charges in one county and wishes to plead guilty or nolo contendere and waive trial in the county where the charges are pending, he may request resolution and disposition of the case in the county where he is being held, and if the prosecuting attorney in the jurisdiction where the charges are pending approves in writing, the information or indictment may be transmitted to the county where the defendant is being held to allow him to enter his plea. § 910.035(1).
Additionally, rule 3.240(a), Florida Rules of Criminal Procedure (2011), which specifically addresses changes in venue, provides:
(a) Grounds to Motion. The state or the defendant may move for change of venue on the ground that a fair and *1107 impartial trial cannot be had in the county where the case is pending for any reason other than the interest and prejudice of the trial judge.
None of these circumstances exist in this case. The sole grounds relied on by the defendant and the Palm Beach circuit court to transfer venue to the Miami-Dade circuit court are that the crimes are related, and, therefore, consolidation will “serve to utilize judicial resources more efficiently.” Although consolidation may be more efficient, consolidation and venue are entirely different issues. The defendant does not have the right to choose venue from the counties in which the crimes allegedly took place, see Martin v. State, 488 So.2d 653, 653-55 (Fla. 1st DCA 1986), and the interests in practicality, efficiency, expense, or convenience are not the operative determinative factors.
State v. Luis, 949 So.2d 277 (Fla. 4th DCA 2007), is directly on point. In Luis, the Fourth District granted the State’s petition for certiorari relief and quashed the Broward County circuit court’s order transferring the criminal charges before it to Miami-Dade County circuit court, and ordering consolidation of the charges in the Miami-Dade County prosecution. As in the present case, the Broward County circuit court’s order was premised on “the interest of judicial economy” as the crimes were related. In quashing the order, the Fourth District concluded the change in venue was a departure from the essential requirements of law resulting in irreparable harm. Id. at 278.
Accordingly, we grant the petition, quash the order under review, and order that the information filed in Palm Beach County circuit court be reinstated forthwith. We do so without prejudice to the defendant to challenge on double jeopardy grounds any charges filed in one county that are identical to any charges tried in the other county.
Petition granted, order quashed.