WOLF, J.
The State filed a petition for writ of certiorari challenging the trial court’s order granting respondent’s motion to transfer his case to another county where he had other charges pending. The trial court granted the motion on the basis of judicial economy without the State’s consent. We find the order departs from the essential requirements of the law and causes material injury to the petitioner throughout the proceedings below, leaving no adequate remedy on appeal from a final order. See State v. Lozano, 616 So.2d 73, 74 (Fla. 1st DCA 1993) (citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987)).
Section 910.035(1), Florida Statutes (2011), reads in pertinent part:
A defendant arrested or held in a county other than that in which an indictment or information is pending against him or her may state in writing that he or she wishes to plead guilty or nolo contendré, to waive trial in the county in which the indictment or information is pending, and to consent to disposition of the case in the county in which the defendant was arrested or is held, subject to the approval of the prosecuting attorney of the court in which the indictment or information is pending.
Section 910.035(1), Florida Statutes (2011) (emphasis added). The Third District recently quashed an order to transfer that was granted on the basis of judicial economy under section 910.035(1), reasoning:
Although consolidation may be more efficient, consolidation and venue are entirely different issues. The defendant does not have the right to choose venue from the counties in which the crimes allegedly took place, and the interests in practicality, efficiency, expense, or convenience are not operative determinative factors.
State v. Losada, 89 So.3d 1104 (Fla. 3d DCA 2012) (emphasis added) (citation omitted) (granting petition for writ of cer-tiorari and quashing an order to transfer that was issued without the State’s consent and on the basis of judicial economy). As such, we grant the petition and quash the order under review.
PETITION GRANTED AND ORDER QUASHED.
RAY and MAKAR, JJ., concur.